John M. Wells and Tindal H. Calam v. Betsey E. Elsam, O. P. Coffinberry and Henry H. Riley.

*Attorney's fees secured in off-setting judgments.*

A judgment assigned by a client to his attorney in compensation for services cannot be set off. Comp. L., § 6125.

A bill in equity to obtain an offset of a judgment will not lie, if at all, unless it shows that the amount involved, after satisfying any proper claim of the attorneys, exceeds $100.

Appeal from St. Joseph.   Submitted January 10. Decided January 21.

Bill to obtain an offset of judgments.   Complainant appeals.   The facts are in the opinion.

*John B. Shipman* for complainants and appellants. A lien upon a judgment for the attorney's fees cannot be sustained as against the right to have an offset of the judgment (*Spencer v. White*, 1 Johns. Cas., 102; *Ross v. Dole*, 13 Johns., 306; *Porter v. Lane*, 8 Johns., 357; *Nicoll v. Nicoll*, 16 Wend., 446; *Cragin v. Travis*, 1 How. Pr., 157; *Noxon v. Gregory*, 5 How. Pr., 339; *Martin v. Canouse*, 9 Abb. Pr., 370; *De Figaniere v. Young*, 2 Robert., 670; *Jacoby v. Guier*, 6 S. & R., 448; *Mohawk Bank v. Burrows*, 6 Johns. Ch., 317; *Taylor v. Popham*, 15 Ves., 72; *Exp. Rhodes* 15 Ves., 541; *Stuyvesant v. Davis*, 3 Edw. Ch., 537; *Buckmaster v. Grundy*, 8 Ill., 626; *Hurst v. Sheets*, 14 Ia., 322; *Wright v. Treadwell*, 14 Tex., 255; *Greene v. Darling*, 5 Mas., 201; *Ferguson v. Bassett*, 4 How. Pr., 168; *Purchase v. Bellows*, 16 Abb. Pr., 105) even though the judgment was assigned to secure it, *Cooper v. Bigalow*, 1 Cow., 206; *Power v. Kent*, 1 Cow., 172; *Crocker v. Claughly*, 2 Duer, 684; as to compelling set-off generally, even as against assignees of the judgment, where the assignor is insolvent, *Gay v. Gay*, 10 Paige, 369; *Knapp v. Burnham*, 11 Paige, 330;

*Barber v. Spencer*, 11 Paige, 517; *Smith v. Felton*, 43 N. Y., 419.

*H. H. Riley* and *O. P. Coffinberry* for defendants and appellees. For the judicial history of the law of equitable set-offs, see Chancellor Walworth's opinion in *Lindsay v. Jackson*, 2 Paige, 581. An attorney's lien for his fees is protected in offsetting judgments, *Cole v. Grant*, 2 Cai., 105; *Devoy v. Boyer*, 3 Johns., 247.

CAMPBELL, C. J. This is a bill filed to obtain an offset of a judgment against Mrs. Elsam upon a judgment subsequently recovered by her against complainants. The judgment against her was in assumpsit for $91.29 damages and $6.75 costs, rendered April 16, 1877. Her judgment was for false imprisonment under that judgment, and is averred to have been rendered February 7th, 1878, for $100 damages and $58.50 costs. This judgment she assigned February 8, 1878, to Riley and Coffinberry for services rendered and to be rendered.

Complainants claim they have a right to have the judgments set off without regard to the claims of the attorneys.

This matter was before us at the June term on application for a mandamus to compel the set-off on motion made in the circuit court of St. Joseph county, where the application was denied. We were of opinion the decision on such a motion could not be reviewed. *People ex rel. Wells and Calam v. Judge of Circuit Court for St. Joseph Co.*, 39 Mich.

The practice of setting off judgments either on motion or otherwise, except when suit is brought on one of them, is one upon which there is considerable difference of opinion. There is not much support for it in the old practice in chancery as a ground of original jurisdiction, and it is not clearly explained in any of the elementary treatises. In several of the American States it has been

recognized as within the general powers of equity, and in New York especially it seems to have obtained such a foothold that in some of the cases referred to in our former decisions it is set down as a matter of right.

We have in this State a statute governing the set-off of executions which lays down certain principles to govern the application of the several claims against each other. This statute, when an execution is placed in the hands of an officer, authorizes the debtor therein to place his execution against the creditors in the hands of the same officer, without regard to its direction to him or to any one else, and directs the terms of set-off very fully. Comp. L., § 6125.

It is difficult to see what occasion there is, with such a statute, to resort to any other remedy. Without deciding how far it has abrogated other remedies, we are clearly of opinion that no other remedy can place the moving party in any better position than where that law places him.

Under that statute an assignee in good faith before the second execution creditor became entitled to the sum due on it, is protected, and it is also provided that so much as is due to the attorney in the first case for his taxed costs and disbursements, shall be allowed him.

At the time this statute was passed the law provided certain taxable fees to attorneys. In 1867 all laws restricting or regulating agreements with attorneys for compensation were abolished, and the taxable costs made payable to the parties, who are allowed to make such agreements for compensation as they see fit.

Although some courts in their practice upon setting off judgments have not deducted the costs of attorneys, yet such we think was the better practice, and the statute plainly designed to enforce that principle. Compensation by agreement has now taken the place of taxed costs; and this has been expressly recognized in New York under a similar statute. In *Rooney v. Second Avenue R. R. Co.*, 18 N. Y., 368, the Superior Court of New York

vacated a satisfaction of a judgment unless the defendant should pay to the plaintiff's attorney the taxed costs. On appeal to the Court of Appeals by the defendant, the court refused to disturb the order, but declared that it had not gone far enough. It was held that since under the code, as under our present statutes, the attorney could agree upon his compensation, that agreed sum remained a charge or lien on the judgment in the same manner as the old taxed costs, and that he was still as formerly to be regarded as equitable assignee of so much of the judgment as was necessary to pay him. The court said the attorney should have been given his whole claim, but that the order could not be modified in his favor because he had not appealed.

We think this decision is in strict accordance with the manifest purpose of the statute, and we do not think it necessary to discuss the many discordant cases which have been cited on the general practice. The statutory principle will clearly protect these defendants, and it is no more than justice requires.

There is no averment in the bill that after any proper claims of the attorneys are satisfied the balance left would exceed one hundred dollars. Assuming, therefore, that under our statutes there is any propriety in resorting to equity without special and peculiar reasons, we think there is no ground on which the present bill can be sustained.

The decree below dismissing the bill must be affirmed, with costs.

The other Justices concurred.