### LUTHER BEECHER v. EDWIN H. MEAD ET AL.

*Bill in equity to recover costs.*

A bill in equity will not lie to recover in one proceeding the amount of several bills of costs for which an action at law would lie under Comp. L. § 7411. The statute provides that where plaintiff would be liable for costs, the assignee of a right of action suing in another's

name, or any person beneficially interested in the action, would be liable to the same extent; and it contemplates that a court of law shall deal with each individual case.

Appeal from Wayne.   Submitted June 14.   Decided October 11.

BILL for recovery of costs.   Complainant appeals.   Dismissal affirmed.

*J. P. Whittemore* for complainant.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for defendant.

COOLEY, J.   This is a suit in equity.   The primal object of it is stated in the brief for complainant to be, to recover of the defendants one hundred and fifty-six bills of costs, taxed on the discontinuance of that number of suits commenced by the defendants in courts of law in the names of third persons against the plaintiff.   The right of recovery is claimed under the statute, which provides that " when any action shall be brought in the name of another, by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person shall be liable for costs in the same cases, and to the same extent, in which a plaintiff would be liable, and the payment of such costs may be enforced by attachment in all cases where judgment is not by law required to be rendered therefor against such assignee or person interested." Comp. L., § 7411.

The suits referred to were not commenced in the names of the defendants in this bill, or of any of them, nor did they purport by the records to be for their benefit; but complainant in his bill sets forth a complicated state of facts which he claims brings the case within the statute. The bill is quite voluminous, and it would be impossible to abstract it for the purposes of this opinion without filling many printed pages.   We do not deem this important.

We agree with the circuit court that the case is not one

of equity jurisdiction. The court of law had ample authority to deal with each individual case, and the statute contemplated its doing so. The suggestion that a suit in equity will save a multiplicity of suits has no force; it only adds one to the suits before instituted.

The decree should be affirmed with costs.

The other Justices concurred.