THE VOIGT BREWERY COMPANY, LIMITED, v. JOSEPH W. DONOVAN, CIRCUIT JUDGE OF WAYNE COUNTY.

*Attorney and client—Lien—Discontinuance of suit—Fraud.*

1. The lien of an attorney does not attach until the rendition of judgment, and he cannot, prior to that time, prevent his client from settling and discontinuing the suit.[1]

2. The question of alleged fraud on the part of the defendant in securing a settlement and discontinuance of a suit cannot be tried upon affidavits.

*Mandamus.* Argued November 21, 1894. Granted December 18, 1894.

Relator applied for *mandamus* to compel respondent to vacate an order setting aside a stipulation for discontinuance. The facts are stated in the opinion.

---

[1] See *Kirby v. La Dow,* 102 Mich. 345.

*Keena & Lightner,* for relator.

*Oscar M. Springer,* for respondent.

McGRATH, C. J. In February, 1894, John Toben, by Mary Raymond, his general guardian and next friend, commenced a suit in the circuit court for the county of Wayne against relator to recover for negligent injury. After the cause was at issue, said Mary Raymond settled with relator, receiving $250, and giving a receipt in full. After the proposition of settlement was made, said Mary Raymond filed her petition as general guardian in the probate court, asking for authority to settle the matter in consideration of the payment aforesaid, and an order approving such settlement was made by the probate court. A stipulation signed by Mary Raymond and relator's attorneys, discontinuing the suit, was afterwards filed in said cause. Afterwards plaintiff's attorney in said suit moved to set aside the stipulation discontinuing said suit for reasons following:

"1. Because Mary Raymond, the next friend of said John Toben, the plaintiff in the above-entitled cause, was induced to sign the stipulation to discontinue said cause by false and fraudulent representations.

"2. Because said Mary Raymond, the next friend of said John Toben, was unlawfully coerced into signing said stipulation.

"3. The discontinuance of said suit is a gross fraud upon the rights of said John Toben."

The motion was heard on affidavits, and an order made setting aside the stipulation. The court filed a memorandum opinion, in which it is stated that it is conceded that the stipulation was filed without the knowledge or consent of the plaintiff's attorney. The court did not undertake to pass upon the question of fraud, but says:

"If the settlement with the guardian is a fraud upon the rights of the ward, it cannot be sustained if the defendant is a party to the fraud."

As to the point that the stipulation was filed without the knowledge or consent of the plaintiff's attorney, an attorney cannot prevent his client from making a settlement. An attorney's lien does not attach until judgment. *Parker v. Blighton*, 32 Mich. 266; *Wright v. Hake*, 38 Id. 525, 531. Nor could the question of fraud in the settlement be tried upon affidavits. *Lyon v. Circuit Judge*, 66 Mich. 676; *Parker v. Circuit Judge*, 24 Id. 408; *Brown v. Thompson*, 29 Id. 75; *Grece v. Helm*, 91 Id. 450, 457.

A *mandamus* will issue as prayed.

The other Justices concurred.