CARPENTER *v.* HOOD.

1. EXECUTIONS — EQUITY — ADEQUATE REMEDY AT LAW — INJUNC-
   TION AGAINST LEVY—SETTING OFF JUDGMENT—COSTS—PARTIES
   —ASSIGNMENT—ATTORNEYS.

   Assuming (but not deciding), for purposes of this case, that de-
   fendant's attorneys in certain litigation theretofore pending
   between complainant and defendant, were liable as assignees
   of 35 per cent. of defendant's interest in the real property in
   dispute for the taxed costs of the actions wherein judgments
   adverse to defendants were rendered, complainant's remedy at
   law was adequate· to have the costs taxed against them as
   assignees under the provisions of 3 Comp. Laws, § 11281, 5
   How. Stat. (2d Ed.) § 14416, and a bill in equity could not be
   maintained.

2. SAME—STATUTES.

   Where the parties were different in several actions at law, one
   of the joint plaintiffs, to whom costs were awarded in the first
   cause, could not offset against the same his liability as de-
   fendant in an action brought thereafter by the wife of one
   of the defendants so liable to him: by reason of the diversity
   of parties equitable relief was unauthorized. 3 Comp. Laws,
   § 10348,. 5 How. Stat. (2d Ed.) § 13049.

3. SAME—EQUITY.

   Nor should the court have taxed costs against defendant's at-
   torneys for the alleged reason that there was no foundation
   for the litigation brought against complainant by them, it
   appearing that first one party then the other prevailed in the
   several causes in which complainant finally was awarded
   title to the property.

Appeal from Kent; Withey, J., presiding. Submitted
June 4, 1912. (Docket No. 4.) Decided November 8,
1912.

Bill by Frank L. Carpenter against Oscar J. Hood,
Shubael Hammond, Cora M. Carpenter, John I. Carpen-
ter, and Herbert M. Rogers, executor of the estate of Q. A.
Smith, deceased, to restrain an execution levy and offset
certain judgments. From a decree dismissing the bill,
complainant appeals. Affirmed.

*Frank L. Carpenter, in pro. per.*

*Gardner & Hood,* for appellees.

*John I. Carpenter, in pro. per.*

Brooke, J. The bill of complaint in this cause sets out an extremely complicated state of facts. The pleadings and proofs thereunder are so well digested and set forth in the opinion of the learned circuit judge who heard the case that we print it in full, together with his conclusions of law thereon:

"This is a bill filed upon the part of the complainant for the purpose of restraining the sale on execution of certain premises situated in the city of Lansing, and for an accounting between the parties and for some other incidental relief. In 1887 the complainant, Frank L. Carpenter, with his sister, Lucy Jones, as plaintiffs, began a suit in ejectment against the complainant's brother, John I. Carpenter, and his tenant in possession of the premises, for the purpose of recovering the possession of the premises and settling the title thereto. The case was tried in the Ingham circuit court before a jury, and judgment passed for the plaintiffs. The case was never appealed. At the trial, the wife of the defendant John I. Carpenter, Cora M. Carpenter, appeared as a witness and testified in the case that she, and not her husband, owned the premises in question, and that the tenant was her tenant, and not the tenant of John I. Carpenter. In fact, she took such a position and such a part in the trial of that case that the Supreme Court afterwards held that, though not a party of record, she was a party in interest, and was bound by the result of the trial. Later Cora M. Carpenter began a suit in the same court in ejectment against August D. Carpenter and Josephine Carpenter for the same premises, or a portion of them, and still later Cora M. Carpenter began another suit in ejectment in the same court against the complainant Frank L. Carpenter and his sister, Lucy Jones, for the same premises, or a portion of them. These cases are known in the bill in the case at bar, for convenience, as cases Nos. 1, 2, and 3.

"Cases Nos. 2 and 3 had a very tortuous history; there having been various trials in both cases in the circuit and Supreme Courts, and many interlocutory proceedings.

The complainant, Frank L. Carpenter, during the course of the law proceedings referred to, became the owner of the interest of his sister, Lucy Jones, and he finally recovered in the law cases, and is now, and has been for a long time, in possession of lot 10.   During this legal warfare and internecine strife, which seems to have extended over a period of nearly 20 years, judgment for costs sometimes went to one side, sometimes to the other.   In case No. 1, decided 1888, costs were taxed in favor of the complainant, Frank L. Carpenter, and his sister, Lucy Jones, and the complainant now owns that judgment amounting to about $130.   The defendant Cora M. Carpenter recovered costs somewhere along the history of case No. 3 amounting to about $116.   She was represented during this long litigation in the law courts (at least as to cases Nos. 2 and 3) first by Smith, Lee & Day, later by Smith & Hood. The attorneys first named made a contract with her to the effect that they were to do the professional work in the cases in question and furnish the money necessary to maintain them, except the witness fees, and possibly clerk and stenographer's fees, for which they were to have any costs recovered and 35 per cent. of any land recovered.   That this contract was made and all the business in regard to the several law suits referred to done under it is undisputed in the case at bar.   The complainant, although entitled to do so, has never taxed any costs in any of the law cases, except No. 1.   Recently an execution was issued in case No. 3, and the premises in Lansing in question, or some portion of them, were levied upon and advertised for sale. Knowledge of that fact came to the complainant, Frank L. Carpenter, whereupon he filed the bill in this case to restrain the sale and to compel an offset and balancing of the costs pro and con between the parties to this suit, but in the aforesaid cases at law he secured a temporary restraining order issued by Judge McDonald of this court, and the question here is primarily whether that order should be made permanent and an offset and balancing of accounts as to costs in said suits at law compelled.

"The complainant claims, and the proofs tend strongly to show, that Cora M. Carpenter is not, and never has been during the litigation referred to, collectible, and he asks that the defendants Smith & Hood, or to speak correctly, the representative of the estate of Smith, who is now deceased, and the defendant Hood, may be required to respond to him and pay any costs found due in the

premises. As I understand complainant's bill, he bases his supposed rights against John I. Carpenter, Smith's estate, and Hood upon the alleged collusion, fraud, and oppression claimed to have been practiced by Cora M. Carpenter and her attorneys in the several lawsuits referred to herein, and upon an alleged agreement with said Smith during his lifetime while case No. 3 was in course of litigation, that neither side should attempt further to collect their costs until the litigation was concluded, when they would offset the costs to one side against those going to the other and pay the balance which might appear either way. This agreement is claimed to have been verbal. Upon the hearing the complainant conceded that he was not competent to testify to that agreement, and no evidence was given concerning it, but he claims that the allegations of the bill wherein the conversation between him and Smith are set forth are not specifically denied, and that, therefore, the agreement should be found to exist as alleged.

"I understand complainant to claim, further, that the general aspects of the case as disclosed by the proofs raise sufficient equities in his behalf to support a decree in his favor; that the existence of cross-demands is sufficient in itself for this court to act upon and afford the relief asked for. On the other hand, the defendants claim that the agreement between Cora M. Carpenter and her attorneys referred to above constituted an assignment to Smith & Hood or their representatives of any judgment for costs which accrued in her favor. They deny that there was any collusion, fraud, or oppression in any of the proceedings, and claim to have acted in the utmost good faith from first to last. John I. Carpenter and the other defendants as well contend that the costs taxed in complainant's favor in case No. 1 are barred by the statute of limitations, and that nothing appears in the case to relieve from that bar. They further claim that this court has no power to compel an offset or balancing of costs in the various suits at law, because the parties are not the same in the various suits, that there were various parties plaintiff and defendant in the lawsuits who are not parties in this case at all, upon which point there is no dispute as to the facts.

"There seems to me to be a great deal of irrelevant matter in the bill, and the court became somewhat restive and perhaps a little impatient because of the irrelevant testimony produced in the case, particularly upon the part

of the complainant, but more or less on both sides. Notwithstanding this, the sympathy of the court, if I am permitted to indulge such a sentiment, is with the complainant. The costs are largely in his favor, and many of the proceedings in law cases Nos. 2 and 3 appear to have been inexplicably unjust to him, and, if I could see my way clear in the faithful administration of the law, I would grant complainant at least some of the relief prayed for; but I am constrained to hold:

" *First.* That the parties are not the same, and that I have no power to compel the off-set or balancing of the costs in the several suits at law. In addition to the main defendants, there were in some and perhaps all of the law cases various persons named as defendants who were in possession of the premises, and therefore necessary defendants. In each case the costs were taxed against them as well as the other defendants, and they could have been made to respond, if collectible. When the side of the case where they appeared was successful, costs were taxed in their favor, and they could have enforced collection and contribution. None of this class of numerous litigants are before this court, and I am satisfied that the situation is such that an off-set or balancing of costs and claims cannot be enforced.

" *Second.* I hold that the agreement between Cora M. Carpenter and her attorneys was legal and valid and constituted an equitable assignment of all costs awarded to her, to her attorneys, and that neither she nor they can be restrained from their collection.

" *Third.* I find that the proofs do not show any fraud, collusion, or oppressive conduct upon the part of Cora M. Carpenter or her attorneys, although some of their actions might be subject to criticism from an ethical standpoint, and that the proofs do not show such equities in a general way as entitle the complainant to the relief prayed for.

" *Fourth.* That the allegations of the bill wherein it is claimed and the agreement is set up with the late Quincy A. Smith that costs should be offset or balanced, is sufficiently denied by the answer, and, there being no proof at all of such an agreement or conversation, complainant's case fails on that point, especially as no compliance with court rule 39 is claimed to exist.

" *Fifth.* The judgment for costs in case No. 1 is barred by the statute of limitations, and I think the bar is sufficiently pleaded. Whether so or not, the proofs show

without dispute that the claim is stale and dead both at law and in equity.

"*Sixth.* The complainant had and yet has his remedy at law by taxation of costs, executions therefor, and proceedings under the special statute securing to him the offset he here prays for. This adequate and unquestionable remedy he has neglected for years, and cannot now well ask the court to do what he should have done for himself.

"This court has no power to review the proceedings of law courts had long years ago, nor the unprofessional conduct, if any, indulged in by counsel at that remote period. Here, too, the remedy was in the hands of the trial court and if complainant neglected to enforce his rights or thought success unlikely, this court cannot now assist him.

"It follows that the bill should be and is hereby dismissed, but without costs to either side."

We understand complainant's contention to be that the six findings of mingled fact and law above set forth are erroneous, and, further, that under Chancery Rule 10 (*d*) it should be held that by the answer filed the defendants admitted facts sufficient to entitle complainant to the relief prayed. The pleadings alone occupy some 34 pages of the record. To set them out in full is obviously out of the question, and would serve no good purpose. It is sufficient to say that, after carefully examining the bill and answers we are of opinion that both answers fairly meet the requirements of the rule invoked.

It is next urged by complainant that the court should have decreed Smith & Hood to be liable for costs taxed against Cora M. Carpenter in cases Nos. 2 and 3 upon the theory that, though the cases were brought in the name of Cora M. Carpenter as plaintiff, Smith & Hood were interested in the result of the litigation by reason of the contract between Cora M. Carpenter and Smith.

Assuming that the contract relations between these two parties were such as to render Smith & Hood liable for costs upon an adverse determination of the litigation (which it is not necessary to determine), complainant had

a clear legal remedy under section 11281, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14416). His remedy at law being clear and adequate, equity should not interfere. *Beecher* v. *Mead*, 49 Mich. 162 (13 N. W. 498).

Complainant says as to the first conclusion of the court below that—

" The court based his inability to compel a set-off upon a diversity of the parties to the judgments; and his language shows that he was mistaken as to the facts."

An examination of the record shows that the parties to the three suits were as follows: In case 1 the parties were Frank L. Carpenter, Lucy Jones, Myra, Lucy, and L. Victoria Harris, Plaintiffs, v. John I. Carpenter and Luellyn Sawtelle, Defendants. In case 2 the parties were Cora M. Carpenter, Plaintiff, v. Augustus D. Carpenter and Josephine Carpenter, Defendants. In case 3 the parties were Cora M. Carpenter, Plaintiff, v. Frank L. Carpenter, Lucy Jones, John Blankenberg, Charles Seigler, Augustus Seigler, and Mary Blankenberg, Defendants. This, we think, shows that the learned circuit judge was not in error as to the facts upon this point. With such diversity of parties no set-off of costs in one suit could be made against costs in one or both of the others. 3 Comp. Laws, § 10348 (5 How. Stat. [2d Ed.] § 13049). In the case of *Wells* v. *Elsam*, 40 Mich. 218, a bill was filed to obtain an offset of judgments. The court denied the relief sought, and, in commenting upon the statute, of which this section is a part, said:

" It is difficult to see what occasion there is, with such a statute, to resort to any other remedy. Without deciding how far it has abrogated other remedies, we are clearly of opinion that no other remedy can place the moving party in any better position than where that law places him."

The decision of the court below might well have rested upon his first conclusion.

Complainant discusses at great length the other findings of the circuit judge, but in our view of the case the arguments pro and con need not here be considered.

Complainant asked relief in three particulars:

(1) That defendants be enjoined from selling, under the execution for costs, his property.

(2) That his costs be taxed by this court and set off against the costs awarded to Cora M. Carpenter.

(3) That the balance of costs found in his favor be decreed to be personally paid to him by said defendants or some of them and that such balance be declared a lien upon lot 12, the same to be sold in satisfaction thereof, if not paid within a certain time.

A preliminary injunction issued at the time the bill was filed was dissolved by stipulation on December 11, 1909. This was two months after the case was heard, and a few days before it was decided on December 27, 1909. There remains now, therefore, no question relative to the injunctive relief sought.

As no offset can be had under the facts disclosed, for the reasons pointed out, a discussion of the other matters briefed would be without value. Complainant is still entitled to proceed at law for the collection of his costs against all those liable therefor, except so far as that right may have been lost by his failure to act seasonably. A judgment at law affords quite as adequate a remedy for the purposes of collection as a decree in chancery.

It is perhaps pertinent to add that the history of this litigation, disclosing as it does that first one party then the other was successful in the circuit or Supreme Court, negatives the conclusion of the complainant that the rights of Cora M. Carpenter were of such a doubtful character as to warrant the belief that she and her attorneys were engaged in a fraudulent and malicious attempt to oppress and harass complainant by bringing against him foundationless actions. The fact that complainant finally prevailed does not necessarily lead to that conclusion.

The decree is affirmed, with costs.

MOORE, C. J., and STEERE, McALVAY, STONE, and BIRD, JJ., concurred. OSTRANDER, J., did not sit.