FRANKLIN CO. *v.* BUHL LAND CO.

1. JUDGMENT—INHERENT POWER IN COURT TO SET OFF MUTUAL JUDGMENTS—STATUTES.

> Where mutual claims of plaintiff and defendant had been judicially determined in same court, under its general jurisdiction over suitors court had power to set off one judgment against the other, and said power exists independent of statute (3 Comp. Laws 1929, § 14550 *et seq.*).

2. ATTACHMENT—MALICIOUS ATTACHMENT—PROBABLE CAUSE—EXPENSE INCURRED IN PROCURING DISSOLUTION.

> Where, in action for alleged malicious attachment and conversion, jury's finding was equivalent to finding of probable cause for suing out attachment, plaintiff may not recover expenses incurred in procuring its dissolution.

3. RECEIVERS—SET-OFF AND RECOUPMENT—JUDGMENT.

> Where receiver for plaintiff was appointed after commencement of suit at bar, there is no merit in its contention that permitting set-off of mutual judgments leads to preference of defendant over other creditors, since receiver takes assets subject to existing equities between parties.

4. APPEAL AND ERROR—JUDGMENT—SET-OFF AND RECOUPMENT.

> Where defendant, after verdict against it, moved court to set off mutual judgments, it necessarily elected to treat said verdict as final and is thereby precluded from prosecuting cross-appeal from judgment entered in accordance therewith.

Appeal from Wayne; Campbell (Allan), J. Submitted June 9, 1933. (Docket No. 84, Calendar No. 37,268.) Decided October 2, 1933. Rehearing denied December 6, 1933.

Case by Franklin Company, a Michigan corporation, against Buhl Land Company, a Michigan corporation, for malicious attachment and conversion. Frank G. Krueger, receiver of plaintiff, was sub-

stituted as party plaintiff. Defendant set off judgment against plaintiff. Judgment for plaintiff for alleged insufficient amount. Both parties appeal. Affirmed.

*Henry B. Graves* and *Charles H. Hatch,* for plaintiff.

*Wurzer & Higgins (John T. Higgins* and *Alfred N. Slaggert,* of counsel), for defendant.

WIEST, J. Defendant, by writ, attached restaurant fixtures and furnishings of plaintiff company, its tenant, receipted to the sheriff, and converted the same to its own use. The attachment was dissolved, and plaintiff company brought this suit, now prosecuted by its receiver, to recover damages for malicious attachment and conversion, and had verdict. Previously the defendant had recovered a judgment for rent against plaintiff company, and in the suit at bar gave notice of set-off. After verdict, and before judgment, defendant moved the court to set off its judgment against the damages found in favor of plaintiff. The court granted the motion and so reduced the verdict and entered judgment. Plaintiff, by appeal, claims the court was in error in so doing, and also in refusing to permit recovery of the expense incurred by plaintiff company in procuring dissolution of the attachment. Defendant prosecutes a cross-appeal, alleging errors upon the trial.

The adjudications so brought to confrontation were between the same parties and in the same court, and the action taken rests upon the inherent power of the court and is not governed by statutory provisions relative to set-off and recoupment in pending actions. The power exercised is ancient

and well established.   Set-off of executions is provided for by statute, 3 Comp. Laws 1929, § 14550 *et seq.*

The mutual claims of the parties having been judicially determined, the court, under its general jurisdiction over suitors, had an undoubted right to set off one judgment against the other, and thereby limit process of enforcement to what was then due.

The rule is well stated in 34 C. J. p. 701, § 1084:

"The courts have power to order the set-off of mutual judgments.   This power formerly belonged exclusively to courts of equity, and of course still continues in them; but it has long been recognized as one which may be exercised equally by courts of law, proceeding on equitable principles.   Although in some States a set-off of judgments is authorized by statute, the power to order it does not fundamentally depend upon statutes, but is independent of them; it rests upon the general and inherent jurisdiction and control of courts over their judgments, process, and suitors. · The recognized remedy at law by motion is so convenient, speedy, and inexpensive, that the courts have shown no disposition to restrict unnecessarily the exercise of this power."

And in 15 R. C. L. p. 820, § 288, it is stated:

"The power to set off one judgment against another between the same parties existed at common law, and was not derived from any statute, and has been exercised by the courts from time immemorial. Accordingly courts of common law today have equitable jurisdiction in cases of set-off independently of statute.   The exercise of the power depends mainly on the general jurisdiction of the court over its suitors and process, and may be said to be part of the inherent powers of courts in the administration of justice."

See, also, 2 Freeman on Judgments (5th Ed.), §§ 1142, 1143, where, under the latter section, it is stated:

"To be the subject of set-off a judgment must be one for money, which may be enforced by execution. If judgments are in part only for money they may be offset to that extent but no further. But it is no objection to set-off of judgments that the claims upon which they were based could not have been off-set against each other. A judgment founded upon contract may be set off against a judgment for damages suffered from a tort, and *vice versa.* The fact that the claim upon which a judgment was obtained was an unliquidated one is no objection to offsetting such judgment against another one, since when reduced to judgment the claim becomes liquidated and merged."

See, also, *People, ex rel. Wells,* v. *St. Joseph Circuit Judge,* 39 Mich. 21; *Robinson* v. *Kunkleman,* 117 Mich. 193; *In re Farmers' & Merchants' Bank of Lawrence,* 194 Mich. 200.

The court was not in error in setting off defendant's judgment against plaintiff's verdict.

In behalf of plaintiff, it is claimed that the expense of procuring a dissolution of the attachment amounted to $2,000, and, on the ground that the attachment was malicious, this expense should be assessed against defendant.

The jury, in answer to a special question, found that defendant submitted all the facts and circumstances surrounding its claim against the plaintiff, known to it or its officers or agents, to its attorneys prior to December 10, 1930, at which time the attachment process was issued.

This special finding eliminated plaintiff's charge that the attachment was maliciously sued out. This was equivalent to a finding that defendant had prob-

able cause for suing out the attachment.  Such being the case, plaintiff may not recover the expenses incurred in procuring a dissolution of the attachment.

The receiver for plaintiff having been appointed after commencement of the suit at bar, there is no merit in the point that, to permit the setting off of one judgment against the other, leads to a preference over other creditors.

It was held in *Re Farmers' & Merchants' Bank of Lawrence, supra,* quoting syllabus:

"It is well settled in this State that a receiver succeeds only to the title and right to property which the person, firm, or corporation he represents had at the time of his appointment, subject to all existing liens and equities, including the equitable right of set-off."

In *Gray* v. *Lincoln Housing Trust,* 229 Mich. 441, it was held, quoting syllabus:

"A receiver does not take title as a *bona fide* purchaser, but takes assets subject to equities existing between the parties, and therefore his title and right can be no greater than the one for whose assets he is receiver and in whose shoes he stands."

When defendant, after verdict, moved the court to set off its judgment it necessarily elected to treat the verdict in favor of plaintiff as final, for such set-off is only in cases of final judgments.  The set-off of defendant's judgment against plaintiff's verdict, and entry of judgment in accordance therewith, precluded defendant from prosecuting an appeal to effect, on errors challenging plaintiff's verdict, and from seeking a new trial, in case of affirmance of the set-off.

Plaintiff's appeal was from the set-off and denial of expenses, and, upon affirmance of the judgment

in such respects, defendant's cross-appeal must be, and is, dismissed.

The judgment is affirmed, with costs to defendant.

MCDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., did not sit.