SIMON v. ROSS.

1. ATTORNEY AND CLIENT—COMPROMISE AND SETTLEMENT—LIENS—INTEREST IN JUDGMENT.

An attorney cannot prevent his client from making a settlement and a bona fide settlement will not be set aside unless the attorney has a lien for his services or an interest in the judgment.

2. SAME—LIEN—JUDGMENT.

The lien of an attorney, of which the other party is not notified, does not attach until judgment.

3. DISMISSAL AND NONSUIT—FRAUD—LIENS.

An order dismissing a cause, fraudulently obtained, may be set aside even though there is no lien of an attorney to be protected.

4. COMPROMISE AND SETTLEMENT—FRAUD—AFFIDAVITS.

The question of fraud in a settlement cannot be tried upon affidavits.

5. DISMISSAL AND NONSUIT—STIPULATION—NOTICE TO COUNSEL.

Order dismissing suit for accounting of alleged partnership moneys *held*, to have been made as the result of irregular practice where entered following stipulation signed by plaintiff without notice to her counsel; hence, after repudiation of stipulation by plaintiff who asserts nonreceipt of money sought, circuit court is directed to take testimony concerning circumstances surrounding the making and filing of stipulation of discontinuance and enter appropriate decree.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 24, 1940. (Docket No. 116, Calendar No. 41,296.) Decided January 6, 1941.

Bill by Jenny Simon against Joe Ross, for accounting of partnership moneys. From denial of motion to set aside stipulated order of discontinuance, plaintiff appeals. Order vacated and cause remanded for further proceedings.

*Roxborough & Taliaferro,* for plaintiff.

*Aldred L. Meredith,* for defendant.

BUSHNELL, J.   Plaintiff, Jenny Simon, claiming to be a partner with defendant, Joe Ross, in three pool rooms in the city of Detroit, sought an accounting for moneys she had advanced to the partnership.   Plaintiff represented that she had been defrauded by the defendant, had been induced to live with him and transfer her Hudson automobile to him.   She claimed that Ross sold the Hudson and used other moneys of plaintiff to purchase a Buick in his own name.   Plaintiff also claimed that she advanced $2,000 to be used in the partnership business, which defendant used to purchase a house and lot and to which he took title.   Plaintiff sought to restrain Ross from selling, encumbering, and disposing of the Buick automobile, the pool room property, and the house and lot, and from withdrawing or transferring any funds on deposit in banks.

The cause was referred to a circuit court commissioner, who filed written findings of fact and law, to which objections and exceptions were made.   The commissioner recommended the entry of a decree that the defendant was indebted to plaintiff in the sum of $6,000. The circuit judge, in a memorandum opinion filed January 3, 1940, stated that the questions presented were ones of fact and unnecessary to review, that plaintiff did not sustain the burden of proof as to the Buick car and the house transaction, and disallowed these items.   He approved the entry of a decree for a money judgment against defendant in the sum of $3,600.   However, before a decree was entered, the parties signed a stipulation of discontinuance, which was filed on February 19, 1940.   An order of discontinuance with prejudice

and without costs was signed by the circuit judge and entered on the same date.

Plaintiff's attorneys, on March 9, 1940, filed a motion to vacate the order of discontinuance, which was denied in an order entered April 22, 1940. Plaintiff, by her attorneys of record, appeals on the ground that the trial court was without authority to enter the order of dismissal upon the stipulation of the parties to the action and without notice or consent of plaintiff's attorneys of record.

The record on appeal contains a number of affidavits of the parties and their attorneys. The first, as to order of appearance in the record, is that of plaintiff, sworn to on January 19, 1940. In this affidavit she made the claim that defendant took her to the office of his attorney on January 17th, where a stipulation of dismissal was prepared but which she did not sign. She said that she took the same to the office of her attorney, accompanied by defendant, and when she told defendant that she would not sign the paper "without her attorneys as they had an interest in said case, he took her back to his attorney's office, where another stipulation and order were drawn. She signed the second paper after being informed by the defendant and his attorney that it was "to drop the case, to keep her from going to Lansing." All this is denied in affidavits of defendant and his attorney. Plaintiff said that she had not received any money, was not familiar with legal procedure, and she repudiated her execution of the second paper. One of her attorneys of record executed an affidavit on the same date, giving in greater detail the facts just recited. His affidavit relates circumstances surrounding an inquiry made by him at the clerk's office with respect to action by the trial judge and the request made by him to the judge's secretary to withhold the entry of the order of dis-

continuance. Then follows in the record the affidavit of defendant, sworn to on February 7th, the affidavit of his attorney, sworn to January 29th, that of another attorney, sworn to on February 13th, and other affidavits of counsel and plaintiff.

In oral argument and in plaintiff's brief her counsel advised this court of the procedure followed in the cause. No good can be accomplished by a recital of these particulars, it being sufficient to say that this court is satisfied that the methods pursued and practice indulged in were irregular The affidavits of the parties are so contradictory that some must be untrue. It is suggested that the circuit court inquire into the possibility of perjury in connection with this cause.

There is ample authority for the proposition that an attorney cannot prevent his client from making a settlement. A bona fide settlement will not be set aside unless in a case where the attorney has a lien for his services or an interest in the judgment. *Voight Brewing Co.* v. *Wayne Circuit Judge,* 103 Mich. 190. See, also, 67 A. L. R. 442 *et seq.* The lien of an attorney, of which the other party is not notified, does not attach until judgment. *Fraam* v. *Kelley,* 268 Mich. 573. In the instant cause the decree had not yet been entered and plaintiff's counsel had not given notice of a lien. However, an order of dismissal, fraudulently obtained, may be set aside even though there is no lien to be protected. *Johnson* v. *Harvester Mutual Fire Ins. Co.,* 259 Mich. 400. The question of fraud in a settlement cannot be tried upon affidavits. *Voight Brewing Co.* v. *Wayne Circuit Judge, supra,* and *Nichols* v. *Waters,* 201 Mich. 27.

In view of the contradictory nature of the affidavits, the circuit court is directed to take such testi-

mony as may be deemed necessary concerning the circumstances surrounding the making and filing of the stipulation of discontinuance and thereafter enter an appropriate decree.

The order of discontinuance is vacated and the cause is remanded for further proceedings in accordance with this opinion. Costs to appellant.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.