McCROSKEY, LIBNER, REAMON & WILLIAMS v LEAGUE LIFE
INSURANCE COMPANY

ATTORNEY AND CLIENT—ATTORNEY'S LIEN—JUDGMENT OR FUND—AT-
TORNEY'S SERVICES—DISABILITY INSURANCE CONTRACTS—IM-
PROPER CAUSE OF ACTION.

There must be a judgment or fund available to an attorney's
client resulting from the attorney's services before the law
creates a lien of an attorney upon the judgment or fund;
therefore, where plaintiff attorneys had represented certain
clients seeking to require a defendant insurance company to
fulfill its obligations under certain disability insurance con-
tracts and thereby pay off the outstanding loans of the clients
due to a credit union, and certain of those loans were paid to
the credit union, there was no fund available to the clients
with respect to those loans paid to the credit union upon which
an attorney's lien could attach, and the trial court was correct
in determining that plaintiff attorneys had failed to present a
cause of action and dismissing the claim for attorney fees.

Appeal from Muskegon, John H. Piercey, J.
Submitted June 3, 1976, at Grand Rapids. (Docket
No. 25323.) Decided June 24, 1976.

Complaint by McCroskey, Libner, Reamon &
Williams against League Life Insurance Company
seeking recovery of attorney fees. Judgment for
defendant. Plaintiff appeals. Affirmed.

*McCroskey, Libner, Van Leuven, Kortering, Co-
chrane & Brock* (by *Robert O. Chessman*), for
plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 272 *et seq.*

*Landman, Hathaway, Latimer, Clink & Robb* (by *David B. Mervin),* for defendant.

Before: Danhof, C. J., and D. E. Holbrook and D. L. Munro,* JJ.

Per Curiam. On November 3, 1972, the plaintiff attorneys brought the present action seeking recovery of their attorney fees from the defendant insurance company. After having considered a stipulated statement of facts and the arguments and the briefs filed in this case, the trial court granted a judgment of no cause of action in favor of the defendant on August 12, 1975.

The plaintiffs sought payment of contingent attorney fees from the defendant for services they had rendered in previous lawsuits on behalf of their clients against the defendant. The clients had outstanding loan balances from certain credit unions. Those credit unions had entered into disability insurance contracts as the named insureds with the defendant. The defendant insurance company was obligated to pay the credit unions in satisfaction of the clients' outstanding loans upon sufficient proof of disability of the clients under the contract. In the previous lawsuits, the clients had sought to require the defendant to fulfill its obligation under the insurance agreement.

The defendant thereafter paid over to the credit unions certain amounts in satisfaction of the outstanding loans, either by settlement with the credit unions or by voluntary payment.[1]

The plaintiffs have brought the present suit contending on appeal that they are "entitled to a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The stipulated facts indicate that the total amount paid to the credit unions in discharge of all the clients' loans herein was $4,787.18.

reasonable attorney fee out of the amount recovered from defendant insurance company to discharge plaintiff's clients debts to credit unions".

The plaintiffs cite *Miles v Krainik,* 16 Mich App 7, 9; 167 NW2d 479 (1969), for the proposition that in Michigan "the law creates the lien of an attorney upon the judgment or fund resulting from his services". With this principle, we do not disagree.

However, no fund such as that contemplated in *Miles v Krainik, supra,* is present in this case. The clients sought to require the defendant to fulfill its obligation to the credit unions, not to pay them any proceeds. At no time were there any funds to which the clients had access. All the clients sought was performance on the part of the defendant under the insurance contract with the credit unions. The clients had no right to the payment of the proceeds. The plaintiffs could not reach funds that were beyond the reach of their clients.

Having failed to present a cause of action under Michigan law, the plaintiffs' claim was correctly dismissed.

Affirmed. Costs to the defendant.