Talbot, J.
 

 Plaintiff appeals as of right from an order granting partial satisfaction of judgment. We affirm.
 

 Plaintiff sued defendant for breach of contract. Defendant then filed a breach of contract counterclaim against plaintiff. The parties agreed to submit their dispute to arbitration, and, on March 31, 1995, the arbitrator issued an award of $25,360 in favor of defendant. On April 20, 1995, defendant’s attorney, Jeffrey Vanderstelt, filed a document entitled “attorney’s lien,” in which he claimed his right to collect $20,163.09 in unpaid attorney fees, costs, and expenses against the arbitration award. Five days later, plaintiff became the assignee of a separate judgment of $32,310.50 against defendant. On May 8, 1995, the trial court entered an order adopting the arbitrator’s award as an order of the court. On the same day, plaintiff filed a motion for satisfaction of judgment, referencing the separate judgment he had been assigned. Shortly thereafter, defendant filed a petition for bankruptcy, staying all proceedings until December 6, 1996.
 

 When the bankruptcy stay was lifted, Vandérstelt filed a motion to enforce the attorney’s lien and plaintiff filed a renewed motion for satisfaction óf judgment., At the hearing on the motions, the trial court concluded that Vanderstelt’s charging lien was superior to plaintiff’s claim against the judgment. The trial court also suggested that in order for Vanderstelt to enforce his lien against plaintiff, he would either have to intervene in the case or instigate a separate action. Vanderstelt subsequently filed a motion to intervene, which was granted. On August 27, 1997, the trial court issued an order granting plaintiff partial satis
 
 *361
 
 faction for all amounts in excess of Vanderstelt’s $20,163.09 in unpaid attorney fees, costs, and expenses. The order also specified that Vanderstelt was entitled to “enforce his lien in accordance with the statute made and provided for the enforcement of Judgments.”
 

 On appeal, plaintiff argues that the trial court erred in giving the attorney’s charging hen priority over his right of setoff. We disagree. Michigan recognizes a common-law attorney’s charging hen on a judgment or fund resulting from an attorney’s services. E.g.,
 
 Bennett v Weitz,
 
 220 Mich App 295, 297; 559 NW2d 354 (1996). A “charging hen” is an attorney’s) equitable right to have the fees due for services secured from the judgment in a particular suit.
 
 [1]
 
 Id.;,see also
 
 Kysor Industrial Corp v D M Liquidating Co,
 
 11 Mich App 438, 444-445; 161 NW2d 452 (1968). Michigan also recognizes that a judgment may be satisfied by setoff of a mutual claim. See, e.g.,
 
 Franklin Co v Buhl Land Co,
 
 264 Mich 531, 532-534; 250 NW 299 (1933). Unless specifically authorized by statute in a particular instance, setoff is a matter in equity based on equitable principles. See
 
 id.; Walker v Farmers Ins Exchange,
 
 226 Mich App 75, 79; 572 NW2d 17 (1997). Although there is no statute specifically authorizing courts to order judgments satisfied by setoff, § 6008 of the Revised Judicature Act, MCL 600.6008; MSA 27A.6008, specifically authorizes the setoff of'mutual executions. As such, § 6008 provides support for the notion that equitable setoff is an appropriate method of satisfying judgments. See
 
 Franklin, supra
 
 at 533;
 
 *362
 

 Wells v Elsam,
 
 40 Mich 218, 219-220 (1879) (relying on a prior version of the execution setoff statute).
 

 When there is a conflict between an attorney’s charging lien and an opposing party’s right of setoff against the same judgment, Michigan courts adhere to the policy that the attorney’s charging lien takes precedence.
 
 [2]
 

 Wells, supra
 
 at 220-221; see also
 
 Kinney v Tabor,
 
 62 Mich 517, 523; 29 NW 86 (1886). This policy is rooted in the predecessor of § 6008, which specifically exempted from setoff the amount due a judgment creditor’s attorney. See
 
 Wells, supra
 
 at 220, citing 1871 CL 6125 (predecessor of MCL 600.6008; MSA 27A.6008). The current version of the execution setoff statute provides, in part, as follows:
 

 (1) Executions between the same parties may be set off one against another, if required by either party as follows:
 

 (a) When 1 of the executions is delivered for service, the person who is the debtor therein may deliver his execution to the serving officer and it shall be applied, as far as it will extend, to the satisfaction of the first execution; and such application shall be indorsed on each execution. Only the balance due on the larger execution may then be collected and paid in the same manner as if there had been no set off.
 

 (b) Such set off shall not be allowed unless all the parties are mutual debtors and creditors. Nor shall set off be allowed where the sum due on the first execution shall have been lawfully assigned to another person before the creditor in the second execution becomes entitled to the sum due thereon,
 
 or as to so much of the first execution as may be due to the attorney in that suit for his taxable fees and disbursements.
 
 [MCL 600.6008(1); MSA 27A.6008(1) (emphasis added).]
 

 
 *363
 
 Like its predecessor, § 6008 makes it clear that when both parties have obtained writs of execution, the opposing party may not use his execution to set off the amount due the first party’s attorney. Although the setoff in this case occurred at an earlier stage in the proceeding, before the parties obtained writs of execution on their respective judgments, equitable principles require that the same rule apply. “ ‘Equity follows the analogies of the law in all cases where analogous relief is sought upon a similar claim.’ ” See
 
 Lothian v Detroit,
 
 414 Mich 160, 169; 324 NW2d 9 (1982), quoting
 
 Michigan Ins Co of Detroit v Brown,
 
 11 Mich 265, 272 (1863). Here, plaintiff obtained the same result in equity that he would have obtained if he had been compelled to rely on § 6008. Cf.
 
 Wells, supra
 
 at 220. Therefore, we hold that the trial court did not err in giving Vanderstelt’s lien priority over plaintiff’s setoff.
 

 In a related argument, plaintiff contends that Vanderstelt is unable to enforce his lien against plaintiff because there was no “fund” to which the lien can attach. Plaintiff’s argument depends on an assumption that the setoff reduced defendant’s net recovery in the underlying litigation to zero. For the reasons stated above, this was not. the case. Defendant’s net recovery in the underlying litigation was $25,360 and plaintiff’s right of setoff, which was inferior to Vanderstelt’s charging hen, merely operated to satisfy that portion of the judgment over and above the hen. The cases cited by plaintiff for the proposition that an attorney’s charging hen may only attach to a recovered fund are not persuasive. In
 
 McCroskey v League Life Ins Co,
 
 69 Mich App 682; 245 NW2d 164 (1976), there was no recovery in the underlying litigation
 
 *364
 
 because the attorneys’ services resulted only in specific performance by the opposing party. likewise, in
 
 Bennett, supra
 
 at 300, there was no net recovery in the underlying litigation because the judgment in favor of the attorney’s client was exceeded by mediation sanctions owed to the opposing party.
 
 [3]
 
 As noted above, an attorney’s charging lien may attach to a
 
 judgment
 
 or fund resulting from an attorney’s services. E.g.,
 
 id.
 
 at 297. Here, Vanderstelt’s hen attached to the judgment in favor of defendant and took priority over plaintiffs right of setoff.
 

 Plaintiff also contends that the trial court erred in ruling (1) that the arbitration award was equivalent to a judgment and (2) that plaintiff had not attempted to setoff defendant’s judgment at the time it was entered on the arbitration award. Because Vanderstelt’s charging hen attached to the judgment in favor of defendant, as opposed to the arbitration award, and because it took priority over plaintiff’s right of setoff despite plaintiff’s efforts with respect to setoff, we need not address these arguments.
 

 Next, plaintiff argues that Vanderstelt should not have been permitted to intervene in this case after entry of the order adopting the arbitration award. We disagree. The decision whether to grant a motion to intervene is a matter within the trial court’s discretion.
 
 Neal v Neal,
 
 219 Mich App 490, 492; 557 NW2d 133 (1996). Certainly, Vanderstelt was entitled to intervene in order to protect his interest in the charg
 
 *365
 
 ing lien. Cf.
 
 Munro v Munro,
 
 168 Mich App 138; 424 NW2d 16 (1988);
 
 Kysor, supra.
 
 As for the timing of Vanderstelt’s motion, we think it would have been illogical for him to attempt to intervene before entry of the order adopting the arbitration award, because his lien on the judgment did not arise until after entry of that order. See
 
 Simon v Ross,
 
 296 Mich 200, 203; 295 NW 615 (1941) (explaining that the lien of an attorney attaches at judgment);
 
 Kysor, supra
 
 at 444. Accordingly, we conclude that the trial court did not abuse its discretion in granting Vanderstelt’s motion to intervene.
 

 Finally, plaintiff contends that the trial court erred in ruling that Vanderstelt held a position equivalent to that of a judgment creditor. Plaintiff’s lone citation in support of the proposition that an attorney may not enforce a charging lien against an opposing party in the same manner as would a judgment creditor is
 
 Bennett, supra.
 
 Because the
 
 Bennett
 
 Court did not address the means by which an attorney could enforce a charging lien, plaintiff is not entitled to the relief requested on appeal. We will not search for additional legal authority to sustain plaintiff’s position. See, e.g.,
 
 Phillips v Deihm,
 
 213 Mich App 389, 401; 541 NW2d 566 (1995). In any event, we think the trial court’s order made sense, because Vanderstelt was the only party with any incentive to collect that portion of the judgment attributable to his attorney fees, costs, and expenses.
 

 Affirmed.
 

 [1]
 

 Because the attorney’s charging lien was an equitable right inherent in the judgment, it was not necessary for Vanderstelt to file the document entitled “attorney’s hen” with the trial court.
 

 [2]
 

 The rules regarding the priority between an attorney’s charging lien and an opposing party’s right of setoff vary considerably from jurisdiction to jurisdiction. See 27 ALR5th 764, § 2, pp 777-779.
 

 [3]
 

 Unlike a right of setoff, an opposing party’s claim to mediation sanctions takes precedence over an attorney’s charging lien. See
 
 Bennett, supra.
 
 This result is logical, given the fact that mediation sanctions are a product of the underlying litigation, while a right of setoff merely operates as a means to satisfy the judgment.