MUNRO v MUNRO

Docket No. 97624. Submitted December 16, 1987, at Lansing. Decided February 8, 1988.

Karen Sue Munro, represented by H. James Starr, sought a divorce from James B. Munro in Clinton Circuit Court. Plaintiff discharged Starr and retained Franklin Richard Brussow to continue her action. In settlement of the fee earned by Starr, plaintiff signed a charging lien agreement in favor of Starr, a copy of which was provided to Brussow. The divorce action resulted in a judgment payable by defendant to plaintiff. The judgment was satisfied by defendant with a series of checks payable to plaintiff and Brussow jointly. After Brussow's fee had been paid by plaintiff out of the judgment proceeds while Starr remained unpaid on the lien, Starr brought a motion to intervene in the divorce action to enforce the lien against Brussow. The trial court, Randy L. Tahvonen, J., denied the motion. Starr appealed.

The Court of Appeals *held:*

An attorney's lien is not enforceable against a third party unless the third party has actual notice of the lien or unless circumstances known to the third party are such that he should have inquired as to the claim of the attorney. In this case, Brussow had knowledge of the lien, came into possession of funds which were encumbered by the lien, and failed to turn over funds in settlement of Starr's lien. The trial court thus erred in denying Starr's motion.

Reversed and remanded.

1. ATTORNEY AND CLIENT — ATTORNEY'S LIENS — NOTICE.

An attorney's lien is not enforceable against a third party unless the third party has actual notice of the lien or unless circumstances known to the third party are such that he should have inquired as to the claim of the attorney.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 315-320, 330 *et seq.*

Sufficiency of notice to opposing party (or of serving or filing thereof) required to establish attorney's lien upon client's claim or cause of action. 85 ALR2d 859.

2. ATTORNEY AND CLIENT — ATTORNEY'S LIENS.

An agreement between a client and his former attorney providing the discharged attorney with a lien on any judgment obtained in an action in which the discharged attorney initially represented the client is enforceable against an attorney subsequently retained by the client to continue the action where such attorney received a copy of the lien agreement and received a check payable to him and the client jointly in satisfaction of a judgment in favor of the client.

*H. James Starr,* intervening plaintiff, in propria persona.

*Franklin Richard Brussow,* intervening defendant, in propria persona.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Intervenor-plaintiff appeals following the trial court's denial of his motion to enforce a charging lien against intervenor-defendant. We reverse.

Intervenor-plaintiff was initially retained by plaintiff to represent her in a divorce action. Thereafter, plaintiff discharged intervenor-plaintiff and retained intervenor-defendant to continue her representation in the action. In settlement of the fee earned by intervenor-plaintiff prior to his discharge, plaintiff signed a charging lien agreement in intervenor-plaintiff's favor in the sum of $1,500. A copy of the lien agreement was served on intervenor-defendant.

The divorce action eventually went to judgment, resulting in, inter alia, an obligation by defendant to pay plaintiff the sum of $8,294. That amount was to be paid in a number of installments, the first being for $3,000 within thirty days of the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

entry of judgment, a second payment in the amount of $750 within sixty days after the entry of judgment, and the remainder to be paid in monthly payments of $250. Some time later, defendant submitted a cashier's check in the amount of $3,000 to intervenor-defendant. Intervenor-defendant rejected the check because it bore the names of intervenor-plaintiff, plaintiff, and himself. That check was substituted with another check bearing the names of plaintiff and intervenor-defendant.

Defendant apparently made payments in accordance with the requirements of the judgment, with each of the checks being made payable jointly to plaintiff and intervenor-defendant. Although intervenor-plaintiff contacted intervenor-defendant a number of times concerning satisfaction of the charging lien, intervenor-defendant did not pay any sums to intervenor-plaintiff out of the payments on the judgment, apparently on the basis that intervenor-defendant's own fees had not yet been fully recovered.

In mid-December of 1985, intervenor-plaintiff was informed by intervenor-defendant's secretary that intervenor-defendant's fees had been satisfied and that defendant had decided to satisfy the outstanding balance owed under the judgment in one payment, which was to be tendered at the end of January of 1986. Thereafter, intervenor-defendant sent intervenor-plaintiff a letter which reiterated the substance of the telephone call and advised intervenor-plaintiff to act promptly. In fact, intervenor-plaintiff did thereafter file a motion to intervene to enforce the attorney lien with a hearing set for January 27, 1986.

Sometime in mid-January, defendant presented himself in intervenor-defendant's office and tendered a money order in the amount owing, with the money order made payable in the names of

plaintiff and intervenor-defendant. Two days later, plaintiff presented herself in intervenor-defendant's office and demanded her money. Intervenor-defendant reminded plaintiff of the charging lien, to which plaintiff apparently responded that she had no intention of satisfying the lien. After some discussion with plaintiff about the matter, intervenor-defendant endorsed the money order and gave it to plaintiff. She thereafter negotiated the money order, but did not satisfy the charging lien. Thereafter, intervenor-plaintiff filed a motion to enforce the charging lien against intervenor-defendant. Following a hearing on the motion, the trial court denied the motion, concluding that intervenor-plaintiff waived his right to enforce the lien as against intervenor-defendant.

An attorney's lien is not enforceable against a third party unless the third party has actual notice of the lien or unless circumstances known to the third party are such that he should have inquired as to the claim of the attorney. *Miller v DAIIE,* 139 Mich App 565, 569; 362 NW2d 837 (1984). In the case at bar, it is clear that intervenor-defendant had actual notice of the existence of the charging lien. Not only was a copy of the lien served upon intervenor-defendant, there were also a number of telephone calls and correspondence between intervenor-plaintiff and intervenor-defendant concerning the lien.

The payment from defendant to plaintiff was made by way of cashier's checks made payable jointly to intervenor-defendant and plaintiff. Accordingly, without intervenor-defendant's endorsement, plaintiff would have been unable to negotiate the instrument. Thus, intervenor-defendant both had knowledge of the lien and possessed funds received from defendant and payable to plaintiff. Therefore, we conclude that the lien was

enforceable against intervenor-defendant and that intervenor-defendant possessed a duty to honor the lien.

We disagree with the trial court's conclusion that intervenor-plaintiff waived his right to enforce the lien as against intervenor-defendant. The first reason stated by the trial court for finding a waiver was that the correspondence between the attorneys evidenced a tacit agreement that intervenor-defendant's fees would have priority over intervenor-plaintiff's lien. However, even accepting that such an agreement existed, that would only serve to justify intervenor-defendant's failure to honor the lien prior to the full payment of his own fees. However, intervenor-defendant's fees were paid prior to the final payment on the judgment by defendant. Thus, even with the above agreement, intervenor-defendant should have honored the lien by withholding proceeds from the final payment by defendant.

The trial court's second reason for concluding that the lien was waived was that intervenor-plaintiff was unduly dilatory in attempting to enforce the lien. Apparently, the trial court believed that intervenor-plaintiff should have moved more quickly after intervenor-defendant informed him that his own fees had been fully paid and that defendant intended shortly to pay the remaining amount due in a lump-sum payment. While intervenor-plaintiff perhaps could have moved more rigorously to seek extraordinary means to enforce the lien, we disagree with the implicit conclusion of the trial court that intervenor-plaintiff was under an obligation to do so. Rather, we believe that, since intervenor-defendant had been served with a copy of the lien, he was obligated to honor the lien and withhold the proceeds from that final payment in order to satisfy the lien without any further action by intervenor-plaintiff. To the ex-

tent that intervenor-plaintiff was required to take additional action to enforce the lien, he was required to do so only because intervenor-defendant had unjustifiably failed to honor his duty to turn over the proceeds of that final payment in settlement of the lien. In short, we do not believe that intervenor-plaintiff should be penalized for being slow and taking actions which he never should have been required to take in the first place.

We also dismiss intervenor-defendant's argument based upon his obligations under the Code of Professional Responsibility, namely DR 9.102(B)(4). He argues that he had an ethical obligation under that rule to promptly turn over the funds to his client. While that disciplinary rule does require an attorney to promptly turn over funds received by the attorney which the client is entitled to receive, intervenor-defendant's argument fails because plaintiff was not entitled to receive that portion of the funds which were necessary to satisfy the charging lien. Thus, intervenor-defendant's obligation was to withhold that portion of the proceeds which were necessary to satisfy the lien and, thereafter, turn over the remaining amount to his client.

In short, intervenor-defendant had notice of the lien, came into possession of funds which were encumbered by the lien, and thereafter failed to turn over the proceeds to intervenor-plaintiff in settlement of the lien. Because of intervenor-defendant's failure, the trial court should have granted intervenor-plaintiff's motion to enforce the lien against intervenor-defendant.

The decision of the circuit court is reversed and the matter is remanded to the circuit court with directions to enter judgment in favor of intervenor-plaintiff. We do not retain jurisdiction. Intervenor-plaintiff may tax costs.