STATE of Utah, DEPARTMENT OF HUMAN SERVICES, OFFICE OF RECOVERY SERVICES, Appellant,

v.

CHILD SUPPORT ENFORCEMENT, Plaintiff and Appellee,

v.

Lee Allen RICHARDS, et al., Defendants.

STATE of Utah, DEPARTMENT OF HUMAN SERVICES, OFFICE OF RECOVERY SERVICES, Appellant,

v.

CHILD SUPPORT ENFORCEMENT, Plaintiff and Appellee,

v.

Reyes Valentino CORDOVA, Defendant.

Nos. 930654–CA [1], 930804–CA.

Court of Appeals of Utah.

Dec. 28, 1994.

1. These appeals were consolidated for opinion because they present identical issues.

Billy L. Walker, Annina Mitchell, and Jan Graham, Salt Lake City, for appellant.

Craig S. Cook and Michael G. Barker, Salt Lake City, for appellee Child Support Enforcement.

Before DAVIS, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Appellant, State of Utah, Department of Human Services, Office of Recovery Services, appeals the circuit court's [2] ruling that it has jurisdiction over claims for past due child support. We reverse.

## BACKGROUND

Child Support Enforcement (CSE), a private collection agency and assignee of the obligees, filed numerous actions in Third Circuit Court, West Valley Department, to collect past due child support payments from defendants.[3] The child support obligations were fixed and ordered by Utah district courts in prior divorce and paternity proceedings.

Upon CSE's motion, the Office of Recovery Services (ORS) was joined as a party plaintiff to the actions because the custodial parents, CSE's assignors,[4] had received public assistance from the State of Utah. See Utah Code Ann. § 78–45–9(2) (1992) [5] (if public assistance has been provided to person attempting recovery of past due child support, ORS shall be joined as party). ORS opposed joinder, arguing that circuit courts lack subject matter jurisdiction to enforce claims for past due child support ordered by district courts.

The circuit court rejected ORS's argument and reasoned that once court ordered child support payments are past due, they become mere "debts" that can be sued upon in circuit court just as any other debt, so long as the amount is within the statutory limits of the circuit court.[6]

## ISSUE ON APPEAL

The sole issue on appeal is whether a circuit court has subject matter jurisdiction over actions to collect past due child support payments ordered by a district court.

## STANDARD OF REVIEW

A determination of whether a court has subject matter jurisdiction is a question of law. Rimensburger v. Rimensburger, 841 P.2d 709, 710 (Utah App.1992). Therefore, this court accords no deference to the trial court's determination but reviews it for correctness. Burns Chiropractic Clinic v. Allstate Ins. Co., 851 P.2d 1209, 1211 (Utah

---

2. These cases appeal judgments of two judges of the Third Circuit Court—Judge William A. Thorne and Judge Edward A. Watson—referred to collectively in this opinion as the "circuit court."

3. Although Lee Allen Richards, Reyes Valentino Cordova, and others are listed as defendants, Child Support Enforcement is the actual appellee in this case.

4. The custodial parents assigned their rights to the past due child support to CSE. The assignments were apparently a means of hiring CSE to collect the past due payments from defendants.

5. This statute was amended in 1994. See Utah Code Ann. § 78–45–9 (Supp.1994). The changes, however, do not affect the outcome of this appeal.

6. Judge Thorne, however, also concluded that circuit courts could not use contempt orders to enforce a district court's child support orders. In addition, Judge Watson determined that circuit courts lack jurisdiction "to determine anything about ongoing support or to become involved in visitation, contempt, or [reasons for] failure to pay [support] in the past, or to alter in any way a decree of divorce."

App.1993). Further, a trial court's statutory construction also presents a question of law that we review for correctness. *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990).

## ANALYSIS

### Circuit Court Jurisdiction

The matter before us is an issue of first impression in Utah courts and we look to Utah statutory provisions for guidance.

Initially, this court examines a statute's "plain language and resort[s] to other methods of statutory interpretation only if the language is ambiguous." *State v. Masciantonio,* 850 P.2d 492, 493 (Utah App.1993); *see also State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993). We attempt to construe a statute using its "plain language" because it is the " 'best indication of legislative intent.' " *Luckau v. Board of Review,* 840 P.2d 811, 815 (Utah App.1992) (quoting *Berube v. Fashion Centre,* 771 P.2d 1033, 1038 (Utah 1989)).

With these rules of statutory construction in mind, we begin by reviewing the circuit and district courts' statutory grant of jurisdiction. Section 78–4–7 of the Utah Code sets forth the civil jurisdiction of Utah circuit courts. It states that: "The circuit court has civil jurisdiction, both law and equity, in all matters if the sum claimed is less than $20,-000, exclusive of court costs, interest, and attorney fees, except: . . . (2) in actions of divorce, child custody, and paternity." Utah Code Ann. § 78–4–7 (Supp.1994). In contrast, Utah district courts are granted broad jurisdiction over "all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law." Utah Code Ann. § 78–3–4(1) (Supp.1994). Thus, it is the district court, not the circuit court, that has exclusive jurisdiction over matters relating to divorce, child custody, paternity, and child support. *See* Utah Code Ann. § 30–3–5 (Supp.1994) (district court has initial and continuing jurisdiction regarding child support); § 78–45–6 (1992) (granting district court jurisdiction in actions under Uniform Civil Liability For Support Act); § 78–45a–5 (Supp. 1994) (giving district court jurisdiction over all paternity related actions); *see also* Utah

Code Ann. §§ 30–3–1 to –37 (1989 & Supp. 1994) (actions involving divorce); §§ 78–45–1 to –13 (1992 & Supp.1994) (Uniform Civil Liability For Support Act); §§ 78–45a–1 to –17 (1992 & Supp.1994) (Uniform Act On Paternity).

Unfortunately, although the statutes cited above clearly indicate the legislature's intent to grant the district court jurisdiction to set child support, none of the statutes specifically addresses whether the circuit court has concurrent jurisdiction with the district court over the enforcement of past due child support. Therefore, we find the language of the statutes ambiguous as to the jurisdictional issue in this case and thus look to other methods of statutory construction. *Masciantonio,* 850 P.2d at 493. However, since neither party has provided this court with any legislative history or other evidence of legislative intent, *Luckau,* 840 P.2d at 815, we must look to related case law and "relevant policy considerations" for guidance. *Schurtz v. BMW Of N. Am., Inc.,* 814 P.2d 1108, 1112 (Utah 1991); *see also Rowley v. Public Serv. Comm'n,* 112 Utah 116, 185 P.2d 514, 517 (1947) (ambiguous statutes should be, if possible, construed in favor of sound public policy).

The circuit court cites *Baggs v. Anderson,* 528 P.2d 141 (Utah 1974), in support of its position that past due child support is like any other debt that can be sued upon in the circuit court. In *Baggs,* the court stated that:

> [S]upport money can fall into two separate categories: First, the current and ongoing right of a child to receive support money from his father [or mother] (parent); and second, the right to receive reimbursement for support of a child after that has been done. . . . This right of reimbursement belongs to whoever furnished the support; and it is subject to negotiation, settlement, satisfaction or discharge in the same manner as any other debt.

*Id.* at 143; (quoted in *Hunter v. Hunter,* 669 P.2d 430, 431–32 (Utah 1983)). *But see Larsen v. Larsen,* 561 P.2d 1077, 1079 (Utah 1977) (stating that because "alimony and support payments become unalterable debts as they accrue," retroactive modification is not

permitted). Although somewhat related to the issue at hand, neither *Baggs* nor *Hunter* is controlling. The issues discussed in both cases appertain only to which party owns a claim for delinquent child support and what that party can do with the claim. These issues do not directly impact the jurisdictional questions involved in this case. Furthermore, even if past due child support is a debt, that does not necessarily render it identical to other types of debts nor necessarily sever it from its precedent divorce or custody action. *See Harmon v. Harmon,* 26 Utah 2d 436, 491 P.2d 231, 232–33 (1971). Therefore, we find the authority cited by the circuit court is not dispositive of the issue presented.

Having found no additional case law to assist us, we next look to relevant policy considerations. *World Peace Movement v. Newspaper Agency Corp.,* 879 P.2d 253, 259 (Utah 1994) (stating that "policy considerations" support the court's construction of a statute); *see also State v. A House and 1.37 Acres,* 886 P.2d 534, 537 (Utah 1994); *Schurtz,* 814 P.2d at 1112. Appellants argue that to allow the circuit court jurisdiction would "hopelessly fractionalize a single domestic proceeding ... into multiple causes of action that can be filed in numerous circuit courts." We also foresee a problematic situation where, if the circuit court possessed jurisdiction, a custodial parent (or assignee)—who is owed a number of unpaid child support installments—could file numerous actions in both circuit and district courts, all stemming from the same underlying child support order. Such a situation would only lead to increased costs and confusion.

Moreover, district courts are granted ongoing jurisdiction over divorce and paternity proceedings to allow a holistic approach to each case. There may be situations where a district court would stay enforcement of support orders, taking into consideration the overall situation of the parties and their children. For example, in *Harmon,* the district court stayed execution on a $1496 judgment for past due child support. In affirming the district court's action, the Utah Supreme Court reasoned that:

> Nevertheless, it is also to be realized that there may be situations where it appears to the court that the levying upon and taking away an asset from the defendant, or the garnishment of his salary, might result in the impairment or destruction of a means of producing income, so that the long-range effect would be more likely to defeat than to achieve [the court's] purpose of seeing that the children are provided for.

*Harmon,* 491 P.2d at 233. If a custodial parent is allowed to utilize circuit courts for enforcement of a support order, this very important tool of the district court, allowing it to take a holistic approach to divorce and paternity actions, would be severely limited since the district court may have no knowledge of or control over the circuit court action. Similarly, the circuit court would not have the history of the case. And under Judge Watson's view, *see supra* note 6, the circuit court would lack the authority to equitably stay collection of a support debt. Additionally, because the district courts are accorded broad equitable powers in domestic cases, debts arising from these cases "are of a different and higher character than judgments in suits at law." *Id.* at 232.

Based on the applicable statutes construed in light of the foregoing policy considerations, we hold that Utah district courts possess exclusive subject matter jurisdiction over actions to enforce past due child support obligations.[7]

## CONCLUSION

Neither statutory nor case law provides this court with any measurable guidance in this case. However, based on relevant policy

---

7. We note, however, our concern that obligee spouses, constrained by scarce financial resources as well as work and child care responsibilities, are limited in their ability to effectively access the courts to collect past-due child support. Such lack of access is discussed in the 1990 report of the Utah Task Force on Gender and Justice, page 11, submitted to the Utah Judicial Council. We feel that other methods, such as evening and weekend court hours and simple pro se forms and proceedings, will better address this problem than simply allowing the obligee to file an action in the circuit court.

considerations, we conclude that the district court has exclusive subject matter jurisdiction over the enforcement of past due child support. We therefore reverse the decision of the circuit court and vacate the judgment entered.

DAVIS and ORME, JJ., concur.