**M. Dirk EASTMOND, Plaintiff
and Appellant,**

v.

**David D. EARL and Connie Neilson,
Defendants and Appellee.**

No. 940248–CA.

Court of Appeals of Utah.

Feb. 29, 1996.

M. Dirk Eastmond, Appellant Pro Se.

Before DAVIS, BENCH, and WILKINS, JJ.

## OPINION

BENCH, Judge:

Plaintiff M. Dirk Eastmond appeals the circuit court's entry of summary judgment in favor of defendant, David D. Earl. Defendant Connie Neilson discharged her obligation to Eastmond in bankruptcy and is therefore not a party to this appeal. We reverse and remand.

## FACTS

■ In reviewing summary judgment, we consider the facts and all reasonable inferences therefrom in a light most favorable to the losing party. *Ciet v. Kaufman,* 902 P.2d 153, 155 (Utah App.1995).

Eastmond is a licensed attorney who represented Neilson in a paternity and child support action against Earl in district court. Thereafter, pursuant to a contingent fee contract, Eastmond again represented Neilson in another action in district court to collect back child support. Under the agreement, Eastmond was to receive one-third of all delinquent child support collected. Judgment was entered against Earl in the amount of $9,447.75, and Eastmond filed a notice of attorney lien. The notice of attorney lien contained a mailing certificate stating that copies had been sent to both Neilson and Earl. Earl contends he made payments on the judgment directly to Neilson.

Subsequently, on July 30, 1987, Eastmond filed, in circuit court, this breach of contract and quantum meruit action seeking to enforce his attorney lien against Neilson and Earl.[1] On August 13, 1987, Eastmond served a summons and complaint on Neilson. She later filed for bankruptcy, listing Eastmond as a creditor.

Earl was served with a summons and complaint on February 9, 1992. Earl and Eastmond both moved for summary judgment.

The trial court granted Earl's motion for summary judgment on two grounds: (1) Earl was not served within 120 days after the complaint was filed pursuant to Utah R.Civ.P. 4; and (2) a contingent fee taken from child support is against public policy in that child support is the right of the child rather than the custodial parent.

## STANDARD OF REVIEW

■ Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *CIG Exploration, Inc. v. State Tax Comm'n,* 897 P.2d 1214, 1215 (Utah 1995), *cert. denied,* — U.S. —, 116 S.Ct. 699, 133 L.Ed.2d 656 (1996). When no disputed issues of material fact exist, a challenge to summary judgment presents only a question of law, which we review for correctness. *CIG Exploration,* 897 P.2d at 1215.

## ANALYSIS

### A. Service of Process

■ The applicable rule provides that "[i]n any action brought against two or more defendants on which service has been obtained upon one of them within the 120 days or such longer period as may be allowed by the court, the other or others may be served or appear at any time prior to trial." Utah R.Civ.P. 4(b). Since co-defendant Neilson was served within 120 days of the filing of the complaint, Earl could be served anytime "prior to trial." *Id.* The trial court therefore erred in basing its summary judgment on a violation of Rule 4.

### B. Public Policy

The trial court also based summary judgment on the premise that it is against public policy to allow a contingent fee to be taken from child support as it is the child's right

---

1. Although not argued by the parties, the dissent raises a jurisdictional issue. *State v. Child Support Enforcement,* 888 P.2d 690, 693 (Utah App. 1993), involved an assignee's attempt to collect back child support in circuit court. *Child Support Enforcement* held that district courts have exclusive subject matter jurisdiction over collection of past due child support. *Id.* The present case is not an action to collect child support. Rather, this is a breach of contract action to enforce an attorney lien. *See Neilson v. Neilson,* 780 P.2d 1264, 1270–71 (Utah App.1989) (holding attorney lien must generally be enforced by separate action). *Child Support Enforcement* is therefore readily distinguishable.

and not the right of the custodial parent. At least one jurisdiction has held that public policy forbids an attorney lien from taking any part of support paid for a child. *See Fuqua v. Fuqua,* 88 Wash.2d 100, 558 P.2d 801, 804 (1977) (en banc). However, the Utah Supreme Court has expressly allowed an attorney lien to be satisfied from child support payments. *Hampton v. Hampton,* 85 Utah 338, 345–46, 39 P.2d 703, 706 (1935).

*Hampton* involved a divorce action in which the trial court awarded the plaintiff a judgment of $60 per month for alimony and child support and $75 for attorney fees. *Hampton,* 39 P.2d at 704. The defendant paid the $60 monthly support payments through the court and the plaintiff's attorney withdrew $60 from the court for his fee by virtue of his attorney lien. The Utah Supreme Court upheld the attorney's withdrawal of the alimony and child support payment, holding an attorney lien "applies to all causes of action, judgments, and proceeds thereof in favor of an attorney's client. It makes no exception. It applies to all clients, regardless of wealth or poverty or needs." *Id.* 39 P.2d at 706.

■ The attorney lien statute applicable in this case is identical to that in *Hampton*.[2] Because the Utah Supreme Court has allowed an attorney lien to be satisfied from a child support obligation, it follows that an attorney lien based upon a contingent fee agreement is permissible.

■ To be enforceable, and before a defendant can be liable to a plaintiff's attorney, a notice of attorney lien must be given to the defendant, and the attorney must first attempt to collect from the party receiving the proceeds. *See Lundy v. Cappuccio,* 54 Utah 420, 427–28, 181 P. 165, 167–68 (1919) (holding defendant who settled with plaintiff with knowledge of plaintiff's attorney lien may be liable to attorney for lien amount if attorney is unable to collect from party re-

ceiving proceeds); *see also Potter v. Ajax Mining Co.,* 19 Utah 421, 432, 57 P. 270, 272 (1899) (holding defendant who had notice of plaintiff's attorney lien could not fraudulently defeat lien by settling directly with plaintiff without knowledge of plaintiff's attorney); *Munro v. Munro,* 168 Mich.App. 138, 424 N.W.2d 16, 17–18 (1988) (holding attorney lien is not enforceable against third party unless actual notice of lien or circumstances known to third party are such that third party should have inquired as to attorney's claim). In the case at bar, Eastmond filed his lien against the judgment he obtained on behalf of Neilson. The mailing certificate, which is part of the notice, states that a copy was sent to both Neilson and Earl. Earl does not deny, by sworn statement, that he received notice of Eastmond's attorney lien.

Earl contends he made payments to Neilson on the child support judgment. Such payments, however, would have been made after Earl received notice of Eastmond's attorney lien. Earl was unable to collect from Neilson since she discharged her obligation in bankruptcy. Thus, following *Lundy,* Eastmond was free to pursue his remedy solely from Earl. *See Lundy,* 181 P. at 167–68.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of defendant Earl and remand the case for further proceedings consistent with this opinion.

WILKINS, J., concurs.

DAVIS, Associate Presiding Judge (dissenting):

I respectfully dissent. Although I support the fine analysis in the majority opinion of the service of process and attorney's lien

---

**2.** Utah Code Ann. § 78–51–41 (1987) provided as follows:

> The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party

has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and to the proceeds thereof in whosoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment.

issues, I believe that the circuit court lacks subject matter jurisdiction over plaintiff's claim.

In *State v. Child Support Enforcement*, 888 P.2d 690 (Utah App.1994), we addressed the issue of circuit court jurisdiction over the claim of an assignee of a child support obligation which had, as here, been reduced to judgment in the district court. In that case, we held "that to allow the circuit court jurisdiction would 'hopelessly fractionalize a single domestic proceeding ... into multiple causes of action that can be filed in numerous circuit courts.'" *Id.* at 693. We also determined that,

> if the circuit court possessed jurisdiction, a custodial parent (or assignee)—who is owed a number of unpaid child support installments—could file numerous actions in both circuit and district courts, all stemming from the same underlying child support order. Such a situation would only lead to increased costs and confusion.
>
> Moreover, district courts are granted ongoing jurisdiction over divorce and paternity proceedings to allow a holistic approach to each case. There may be situations where a district court would stay enforcement of support orders, taking into consideration the overall situation of the parties and their children.

*Id.* As we reasoned in *Child Support*,

> [i]f a custodial parent is allowed to utilize circuit courts for enforcement of a support order, this very important tool of the district court, allowing it to take a holistic approach to divorce and paternity actions, would be severely limited since the district court may have no knowledge of or control over the circuit court action. Similarly, the circuit court would not have the history of the case.

*Id.*

The majority opinion distinguishes the instant case from *Child Support* on the ground that this is a separate action for enforcement of an attorney's lien and not for collection of a judgment for support. In my view, there is no difference between an attempt to enforce an attorney's lien on a judgment for child support arrearages and an attempt to collect the judgment by a third party assignee of that judgment. Both, pursuant to *Child Support*, should be subject to the *district court's* equitable powers. I find little, if any, support in *Child Support* for ascribing greater dignity to the enforcement of a perfected attorney's lien on a claim than to a direct collection effort by an assignee of a claim acting pursuant to a valid, enforceable assignment.

For the foregoing reasons, I believe that the circuit court lacks subject matter jurisdiction in this matter and that the case should be dismissed.