*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 23, 2019

v

No. 342484
Chippewa Circuit Court
LC No. 14-001528-FC

JAMES HOWARD SHAUL,

Defendant-Appellant.

Before: BORRELLO, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

This case returns to this Court following resentencing. A jury convicted defendant of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(g); first-degree vulnerable adult abuse, MCL 750.145n(1); fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(b); and violation of the Sex Offender Registration Act, MCL 28.735(2)(a). Defendant appealed as of right and this Court vacated defendant's CSC-I conviction and sentence for insufficiency of the evidence and remanded the case to the trial court for resentencing.[1] On remand, the trial court sentenced defendant as an habitual offender, fourth offense, MCL 269.12, to 19 years' to 28 years' and six months imprisonment for first-degree vulnerable adult abuse, which amounted to an increase of 182 months to defendant's minimum sentence for this offense. The trial court sentenced defendant to 3 years' and 10 months to 15 years' imprisonment for the CSC-IV conviction, and a 12-month jail term for the SORA violation conviction. These sentences remained the same as defendant's initial sentence. Defendant appeals his sentences as of right. For the reasons set forth in this opinion, we vacate defendant's sentence for vulnerable adult abuse and remand for resentencing on that offense.

---

[1] *People v Shaul*, unpublished per curiam opinion of the Court of Appeals, issued November 22, 2016 (Docket No. 326905).

# I. BACKGROUND

This case arises out of defendant's sexual assault of a quadriplegic victim; a previous panel of this Court summarized the pertinent facts as follows:

> According to the 56–year–old immobile and wheelchair-bound quadriplegic victim, defendant, who was the then-boyfriend of one of her caregivers, was alone with the victim when he began asking her personal sexual questions while he was "touching himself" in her presence. Defendant then approached and stood beside the victim, exposed his penis, and asked her if she wanted to touch it or put it in her mouth. The victim testified that defendant then rubbed her left nipple through her shirt. She testified that defendant tried to put his finger in her "private part" but never did and that he "only touched the hairs of my private area" and "didn't touch the inside." He then pulled up her shirt, spit "over [her] private part", and ejaculated on her stomach. According to the victim, during the incident her urostomy bag was torn from her body. She testified that defendant refused her repeated requests for him to leave her home or to allow her to call a caregiver. [*People v Shaul*, unpublished per curiam opinion of the Court of Appeals, issued November 22, 2016 (Docket No. 326905), p 1.]

A jury convicted defendant as set forth above. The trial court initially sentenced defendant as an habitual offender, fourth offense, MCL 769.12, to 60 to 90 years' imprisonment for the CSC-I conviction; 3 years and 10 months to 15 years' imprisonment for each of the first-degree vulnerable adult abuse and CSC-IV convictions; and a 12-month jail term for the SORA violation conviction.

Defendant appealed his convictions and sentences as of right and this Court vacated defendant's CSC-I conviction because there was insufficient evidence to show penetration. *Shaul*, unpub op at 4-5. This Court also evaluated defendant's claims of error in the trial court's scoring of several offense variables OVs. This Court concluded that the trial court erred in scoring OV 3 at 10 points, erred in scoring OV 7 at 50 points, and erred in scoring OV 11 at 25 points. *Id*. at 5-7. This Court also found that the trial court erred in imposing a probation oversight fee because defendant was not sentenced to probation and ordered that "[o]n remand, the fee shall not be imposed if defendant does not receive a probationary sentence." *Id*.

On remand, the trial court denied defendant's motion to waive resentencing. The sentencing information report was revised to reflect the correct OV scoring; however, defendant's recommended minimum sentencing range remained the same at 58 to 228 months. The trial court sentenced defendant to 19 years (228 months) to 28 years and 6 months for the first-degree vulnerable adult abuse conviction, which was 182 months higher than his original minimum sentence for that offense. The trial court did not articulate rationale for the increased sentence. The trial court imposed the same sentences for the other convictions. This appeal ensued.

## II. ANALYSIS

## (1) WAIVER

Defendant first argues that the trial court erred in denying his motion to waive resentencing. To the extent defendant argues he had a constitutional right to waive resentencing, this presents a question of law that we review de novo. *People v Melotik*, 221 Mich App 190, 198; 561 NW2d 453 (1997).

"It is fundamental law that the last utterance of an appellate court determines the law of the case." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). Moreover, "[i]t is the duty of the trial court, on remand, to *comply strictly* with the mandate of the appellate court according to its true intent and meaning." *Id*. (emphasis added).

In this Court's prior opinion, this Court ordered the trial court to resentence defendant. Specifically, after concluding that there was insufficient evidence to support defendant's CSC-I conviction, this Court stated, "we vacate defendant's CSC I conviction and sentence and remand for resentencing." *Shaul*, unpub op at 5. In addition, after noting that the prosecutor conceded that the trial court improperly imposed a probation oversight fee, this Court explained, "[o]n remand, the fee shall not be imposed if defendant does not receive a probationary sentence." *Id*. at 7. Moreover, this Court addressed defendant's challenges to the scoring of several OVs. In doing so, this Court explained "[w]e address defendant's arguments in the event defendant raises the arguments at resentencing." *Id*. at 5. Finally, this Court concluded its opinion by stating: "Affirmed in part, vacated in part, and remanded for resentencing." *Id*. at 11. This was a clear directive to the trial court to resentence defendant and the trial court was required to strictly comply with this Court's mandate. See *Blue*, 178 Mich App at 539.

Defendant argues that he had an exclusive interest in resentencing and therefore he had the right to waive resentencing. This argument lacks merit.

"Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). However, resentencing is not an exclusive right reserved for defendant. Instead, the prosecution and the public have an interest in the accuracy of a sentence. "[T]he Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information." *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). Thus, requiring resentencing following an invalid sentence "not only respects the defendant's right to be sentenced on the basis of the law, but it also respects *the trial court's interest* in having defendant serve the sentence that it truly intends." *Id*. at 92 (emphasis added).

In this case, defendant's original sentence was invalid because it was based on inaccurate information. While defendant's recommended minimum sentencing range remained the same on remand, several OVs were rescored and defendant's conviction for CSC-I was vacated. The trial court and the prosecution had an interest in assuring that defendant was sentenced based on accurate information. Therefore, resentencing was not a right exclusive to defendant and he was not entitled to waive resentencing.

Defendant cites *Clearview Park Improvement Co of Grosse Point v Detroit & Lake St Clair Ry Co*, 164 Mich 74; 129 NW 353 (1910), and *Munro v Munro*, 168 Mich App 138; 424 NW2d 16 (1988), to support his position that a party can waive a favorable ruling. However, neither of these cases support the proposition that a criminal defendant may waive resentencing ordered by an appellate court after vacating one of the defendant's convictions. Rather, as discussed above, the trial court and the prosecution had an interest in sentencing defendant based on accurate information and defendant did not have a right to waive resentencing. See *Francisco*, 474 Mich at 89-92.

Apart from his vindictiveness argument discussed below, defendant argues that the trial court erred in increasing his sentence on remand. This argument also lacks merit.

Defendant argues that there was no new information presented on resentencing to justify an increase in his sentence for vulnerable adult abuse and that his original sentence for vulnerable adult abuse should have remained the same. "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714-715; 825 NW2d 623 (2012). However, where this Court determines that "the entire sentence is invalid" and remands for resentencing, "every aspect of the sentence is before the judge de novo unless the remand indicates otherwise." *People v Williams*, 208 Mich App 60, 65; 526 NW2d 614 (1994).

This Court not only vacated defendant's sentence for CSC-I, but also found errors in the scoring of the OVs and in the imposition of a probation fee. *Shaul*, unpub op at 4-7, 11. This Court remanded for resentencing and in doing so vacated defendant's original sentence. On remand, the case "was before the trial court in a presentence posture." *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007). "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995) (quotation marks and citation omitted). In this case, the trial court's resentencing was within the mandate specified by this Court's order for resentencing.

## (2) VINDICTIVE SENTENCE

Next, defendant argues that his new sentence for first-degree vulnerable adult abuse was vindictive. In making this argument, defendant essentially contends that the trial court violated his right to due process of law. Whether defendant was denied due process involves a question of law that we review de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007).

"While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment . . . we have recognized it must not be exercised with the purpose of punishing a successful appeal." *Alabama v Smith*, 490 US 794, 798; 109 S Ct 2201; 104 L Ed 2d 865 (1989) (citations omitted). "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v Pearce*, 395 US 711, 725; 89 S Ct 2072; 23 L Ed 2d 656 (1969), overruled in part on other grounds by *Smith*, 490 US at 794. "In order to assure the absence of such a motivation, we have concluded that whenever a

judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id*. at 726. "Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by objective information . . . justifying the increased sentence." *Smith*, 490 US at 798-799 (quotation marks and citations omitted).

The presumption of vindictiveness articulated in *Pearce*, 395 US at 711 applies "where the same judge imposes both the original sentence and the sentence after retrial." *People v Mazzie*, 429 Mich 29, 33; 413 NW2d 1 (1987). The presumption may be overcome only when the trial court articulates the rationale for the increase and where the "extent of the increase in the sentence bears a reasonable relationship to the new information." *Id*. at 36.

The state argues that the presumption of vindictiveness only applies in cases where a defendant is retried and resentenced by the same judge and not in cases where a defendant is simply resentenced by the same judge. However, this Court has applied the presumption of vindictiveness in circumstances involving a remand for resentencing. See *People v Terrell*, 312 Mich App 450, 467; 879 NW2d 294 (2015), rev'd on other grounds 501 Mich 903 (2017) (explaining that "[a] presumption of vindictiveness arises when a defendant is resentenced by the same judge and the second sentence is longer than the first"); see also *People v Lyons*, 222 Mich App 319, 320, 323-324; 564 NW2d 114 (1997). Thus, contrary to the state's argument, retrial is not required to trigger the presumption of vindictiveness and the rule applies in cases exclusively involving a remand for resentencing.

The state also argues that defendant's sentence was not "increased" because his 60 to 90-year sentence for CSC-I was vacated and on remand defendant's resentence for vulnerable adult abuse is less than 60 to 90 years. However, defendant's CSC-I conviction and sentence were vacated and the trial court increased defendant's minimum sentence for first-degree vulnerable adult abuse at resentencing. As previously noted, the trial court initially sentenced defendant to 46 months to 15 years' imprisonment for first-degree vulnerable adult abuse; on remand, the trial court sentenced defendant to 19 years' to 28 years' and 6 months imprisonment for the same offense. Therefore, defendant received a harsher sentence for the same offense on remand and the presumption of vindictiveness applies in this case.

The state concedes that if this Court concludes that the presumption of vindictiveness applies in this case, then the proper remedy is to remand to the trial court "for the limited purpose of stating the reasons for the increase" on the record. The state concedes that "there is no record upon which this Court can even attempt to determine whether the circuit court entertained an unconstitutional reason for increasing its sentence—or perfectly legitimate ones— remand would facilitate proper appellate review." We agree and vacate defendant's sentence for first-degree vulnerable adult abuse and remand for resentencing on that offense.[2]

---

[2] Given our resolution of this issue, we need not address defendant's proportionality argument or defendant's excessiveness argument set forth in his Standard 4 brief.

We vacate defendant's sentence for first-degree vulnerable adult abuse and remand for resentencing on that offense. At resentencing, the trial court shall state with specificity its reasons for imposing the same or a different sentence. We affirm in all other respects. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan