DIANA LYNN FLETCHER, n/k/a Diana Lynn Watson, Plaintiff-Appellee, v. EDWARD FRANK FLETCHER, Defendant (Jack C. Vieley, Petitioner-Appellant).

Fourth District  No. 4—91—0602

Opinion filed April 15, 1992.

Jack C. Vieley, of Peoria, appellant *pro se.*

No brief filed for appellee.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from orders of the circuit court of Woodford County insofar as it refused to enforce a one-third contingent-fee agreement in proceedings on a child support arrearage based on a 1976 dissolution judgment.

While appellee has not filed a brief, we find the record is simple and the claimed error can be decided without such assistance. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

We conclude that (1) contingent-fee agreements relating to the collection of back child support and back maintenance are enforceable; (2) the agreements must be in writing; (3) the attorney must seek fees under the provisions of section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)), if grounds for such action appear to exist, which are to be used to offset part of the contingent fee; and (4) the written fee agreement must be made of record in the collection proceedings.

### Facts

The decree dissolving the marriage was entered on January 24, 1977, and approved an agreement requiring Edward Fletcher (Edward) to pay Diana Fletcher (Diana) $40 per week for child support for their son, Daniel, then age five. By August 1988, Edward was over $18,000 in arrears. On August 17, 1988, Diana allegedly signed a one-third contingency-fee agreement with attorney Jack Vieley to collect back child support.

On August 24, 1988, attorney Vieley filed a petition for rule to show cause on behalf of Diana, as well as related documents, stating that as of August 17, 1988, Edward was in arrears approximately $18,040 and praying that the court enter an order requiring Edward to show cause why he should not be held in contempt of court, and for reasonable attorney fees in the sum of $750. Also, on August 24, 1988, attorney Vieley filed a petition on plaintiff's behalf to increase child support, seeking entry of an order requiring that Edward pay 20% of his net take-home pay as support for Daniel, "plus reasonable attorney's fees and court costs for the prosecution of this matter." In the supporting documents, the party's son, Daniel, was stated to be age 16.

At a hearing on November 18, 1988, the parties appeared and the court noted the arrearage established through November 14, 1988, was $20,680. The court further found that no substantial change in circumstances had been established, but that plaintiff was nevertheless entitled under the statute to a current minimum of 20% of Edward's net take-home pay. Contempt was found, but no penalty was imposed. The court stated the judgment would include the net arrearage, $200 in attorney fees and $70 costs, as well as a new weekly amount and an amount to be paid on the arrearage. Defendant was to

send a letter from his employer regarding his net pay for the last two months and an affidavit on expenses. Ruling was reserved, and Edward was ordered to temporarily pay $50 per week as support.

A docket entry of December 5, 1988, shows the court received correspondence from Edward as ordered, with a portion going beyond the information required, and copies were provided to counsel. (These documents do not appear in the record on appeal.) The court found Edward's net income to be $18,423.16 per year (his driver's insurance not deducted) and set support to be paid at the rate of $71 per week, effective November 21, 1988, with any temporary payments in the meantime applied to this obligation. The court stated that payment on the *total arrearage and fees and costs judgment* "shall be" at least $20 per week, and further stated "alternate methods of recovery are not prohibited by this payment order." The court thereupon entered payment and withholding orders.

The order for withholding signed on December 5, 1988, listed the amount of the arrearage as $20,950—though that amount apparently also included the $200 attorney fees and $70 costs awarded per the court's November 18, 1988, docket entry.

A docket entry of May 10, 1990, shows that Diana appeared and confirmed that she had authorized all payments received to be delivered to her son, Daniel, and to require the same in the future. The court provided that all payments since the November 17, 1989, date of Daniel's majority should be applied to the arrearage, which the court determined to be $17,141.40 as of that date.

On September 6, 1990, attorney Vieley filed a notice of lien for legal services and court costs rendered on behalf of Diana, in the sum of one-third of all monies received, as per an alleged fee agreement purportedly dated August 17, 1988—this notice served upon the clerk of the circuit court—and an assignment from Diana directing and assigning to the clerk of the circuit court the sum of one-third of all monies received in case No. 76—D—146, to be paid to her attorney, Jack Vieley, for legal services rendered in the cause. The court, by docket entry of September 6, 1990, stated that the proceeds had already been assigned by Diana to her son, Daniel, and thus nothing was left to assign or be subject to a lien. The court further stated it would not enforce any percentage contingent-fee agreement on support obligations, and directed the clerk to notify Diana, Daniel, and attorney Vieley of its order.

On November 19, 1990, an assignment was filed, whereby Daniel purported to direct and assign to the circuit clerk the sum of one-

third of all monies received in case No. 76—D—146, to be paid to "my attorney, Jack C. Vieley, for legal services rendered."

### Attorney Fees in Dissolution Cases

■ In marriage and dissolution of marriage cases, attorney fees can be by agreement between the attorney and client or set by the court under section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(a)). If determined under section 508(a), the fee must be reasonable in amount and necessarily incurred.

If an attorney and a client have an express contract for compensation, it will control in the absence of unconscionability or other contractual impropriety. See *In re Marriage of Angiuli* (1985), 134 Ill. App. 3d 417, 424, 480 N.E.2d 513, 519; 2 H. Gitlin, Gitlin on Divorce §19.01(C)(3) (1991).

### Contingent Fees

■ Contingent fees are not allowed in dissolution cases when contingent upon obtaining the dissolution or based upon the financial aspects of the dissolution. Rule 1.5(d)(1) of the Illinois Rules of Professional Conduct (Rules) provides in part:

> "(d) A lawyer shall not enter into an arrangement for, charge, or collect:

> (1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a dissolution of marriage or upon the amount of maintenance or support, or property settlement in lieu thereof; provided, however, that the prohibition set forth in Rule 1.5(d)(1) shall not extend to representation in matters subsequent to final judgments in such cases." (134 Ill. 2d R. 1.5(d)(1), eff. Aug. 1, 1990.)

Prior to August 1, 1990, the applicable provision under Rule 2—106(c)(4) of the Code of Professional Responsibility provided, in part, as follows:

> "No contingent-fee agreement shall be made in respect of the procuring of a dissolution of marriage, declaration of invalidity of marriage, or legal separation, or the custody or adoption of children, or property settlement in or arising out of any of the foregoing; provided, however, that the prohibition set forth in this sentence shall not extend to representation in matters subsequent to a final judgment, such as the collection of arrear-

ages in maintenance or child support." (107 Ill. 2d R. 2—106(c)(4).)

In the prosecution of dissolution actions, our courts have held contingent fees to be against public policy. *In re Fisher* (1958), 15 Ill. 2d 139, 153, 153 N.E.2d 832, 840; *Stoller v. Onuszko* (1973), 10 Ill. App. 3d 598, 599-600, 295 N.E.2d 118, 119.

In *Licciardi v. Collins* (1989), 180 Ill. App. 3d 1051, 1061, 536 N.E.2d 840, 847, the court stated:

> "Nonetheless, we do agree with plaintiff that the public policy behind Rule 2—106(c)(4) is best served by prohibiting attorneys from acquiring contingent financial interests in all domestic relations cases involving the division of marital property between either spouses or former spouses. That is, we believe the public policy behind the rule so important that, as long as an attorney's services are employed with respect to the division of marital property, the rule bars contingent fees therefor whether or not a judgment of dissolution has or has not been entered when the attorney is retained."

*In re Marriage of Wright* (1982), 89 Ill. 2d 498, 434 N.E.2d 293, contains the following *dictum*:

> "*Fisher* and our subsequently adopted rule precluding contingent-fee contracts in dissolution actions leave not the slightest doubt of their invalidity when so employed. We reaffirm our adherence to that policy, and would not hesitate to take appropriate action where transgression of that rule has been established." *Wright*, 89 Ill. 2d at 501, 434 N.E.2d at 294.

■ Regardless of the position taken in the cited cases, it appears that a contingent-fee contract is not invalid if it relates to the collection of unpaid child support and maintenance. (See *Zagar v. Zagar* (1965), 56 Ill. App. 2d 175, 175, 205 N.E.2d 754, 754 (abstract of opinion).) This result is not in conflict with the public policy set forth in *Fisher* preventing the encouragement of divorce and the hindrance of reconciliation which could result if attorneys were given financial interest in property settlements. *Fisher*, 15 Ill. 2d at 153, 153 N.E.2d at 840.

While the phrase "such as the collection of arrearages in maintenance or child support" which was included in previous Rule 2—106(c)(4) was not included in present Rule 1.5(d)(1), we conclude the deletion was not intended to prohibit contingent fees.

As stated, contingent fees are not prohibited by Rule 1.5(d)(1) as to legal matters which follow the final judgments in dissolution cases. The decree of dissolution, even though ordering installment payments

of maintenance and/or child support, is considered final and is an appealable judgment. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140; *In re Marriage of Cierny* (1989), 187 Ill. App. 3d 334, 342, 543 N.E.2d 201, 207; *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 4, 465 N.E.2d 151, 153; 2 H. Gitlin, Gitlin on Divorce §16.01 (1991).

A contingent fee can never be implied, but must be expressly contracted between the attorney and the client. (*Warner v. Basten* (1969), 118 Ill. App. 2d 419, 431, 255 N.E.2d 72, 78; 4 Ill. L. & Prac. *Attorneys and Counselors* §131 (1971).) Rule 1.5(c) states it shall be in writing. (134 Ill. 2d R. 1.5(c).) Fees awarded under section 508 of the Act should offset part of the contingent-fee agreement.

### Section 508 of the Act (Fees)

Section 508 of the Act did not, however, exist at the time of the *Fisher* decision and is a factor. Section 508 allows for court assessment of fees against either party, but section 508(b) provides:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (Ill. Rev. Stat. 1989, ch. 40, par. 508(b).)

The preamble to the Rules contains the following statement:

"The lawyer-client relationship is one of trust and confidence. Such confidence only can be maintained if the lawyer acts competently and zealously pursues the client's interests within the bounds of the law. 'Zealously' does not mean mindlessly or unfairly or oppressively. Rather, it is the duty of all lawyers to seek resolution of disputes at the least cost in time, expense and trauma to all parties and to the courts." (134 Ill. 2d R. 1.1, Preamble, at 472.)

Rule 1.1(a) of the Rules provides in part:

"(a) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation necessary for the representation." 134 Ill. 2d R. 1.1(a).

We conclude that competent representation of a client in support or maintenance collection proceedings requires the attorney to seek the relief afforded by section 508(b) of the Act. As previously stated in this opinion, attorney Vieley did ask for reasonable fees in the sum

of $750 in the contempt proceedings and reasonable fees in the request for increase of child support payments.

While argument may be made that section 508 of the Act in effect prohibits the use of contingent-fee agreements in support and maintenance collection proceedings, we determine otherwise. The justification usually suggested for contingent fees is that such fees provide legal services to those who would not otherwise be able to hire an attorney. We agree this justification has been validated by recoveries being awarded to those who would otherwise have been deprived. The incentive of *possibly* receiving reasonable fees under section 508 of the Act might well be insufficient to convince attorneys to take support cases. The possible windfall of the contingent fee might be a sufficient incentive.

A contingent fee should not be condemned solely on the ground that the share being received is large, nor should it be deemed unconscionable and unfair because the case involved less difficulty and work than was believed necessary. (7 Am. Jur. 2d *Attorneys at Law* §255 (1980).) With the recognized national problem relating to the nonpayment of child support, public policy is best served by encouraging collection. Contingent fees might, in some cases, be the most effective tool in the collection.

This case is illustrative of those which justify contingent fees. Edward had to be found, and service of process was evidently difficult. Edward's assets appear to be insignificant and his income relatively low. Any recovery of past child support and attorney fees will take place on an installment basis over a long period of time. There is little incentive to take such a case.

This court has found that a contempt order, as was entered herein, carries with it an implicit finding that failure to make child support payments was without cause or justification. *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 105, 507 N.E.2d 912, 926.

The trial court record does not contain the alleged written contingent-fee agreement. Because of the requirement that the agreement be in writing, we find that the agreement must be made a part of the record in the collection proceedings. In the present case, the trial court took the position that contingent fees were not enforceable, thus indicating the futility of offering the agreement into evidence; hence, attorney Vieley should now be allowed to introduce the agreement.

We reverse the trial court's order finding that contingent fees are not enforceable in cases involving the collection of unpaid child support. We remand so that additional evidence of the contingent-fee

agreement can be presented and an order entered consistent with the dictates of this opinion.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.