Gibbons, J.,
dissenting:
I disagree with the majority regarding the interpretation of the former SCR 155(4)(a), now codified as Nevada Rule of Professional Conduct (RPC) 1.5(d)(1). The district court correctly concluded that the contingency fee agreement did not violate SCR 155.
The majority acknowledges that SCR 155(4)(a) does not prohibit a contingent fee agreement in certain post-divorce actions “so long as the fee was reasonable, any statutory fees awarded were credited against the contingent fee, and the client was advised in advance of other available options, which could include an hourly *1163 fee agreement or free services provided by the district attorneys’ offices.”[1]
In this case, Judy Tompkins was given the option of retaining the services of the law firm either on an hourly basis billed against an initial retainer or on a contingency basis. Judy voluntarily chose the contingency basis.
Since this litigation was initiated after the parties were divorced, the litigant and attorney should have the option of entering into a contingency fee agreement. Based upon the majority’s opinion, I would urge this court to modify the language of the rule to permit such a contingency fee agreement.

 See SCR 155(1) (requiring that all fees be reasonable); Fletcher v. Fletcher, 591 N.E.2d 91, 94 (Ill. App. Ct. 1992) (conditioning approval of a contingent fee agreement in action to collect past-due support upon counsel’s credit of any awarded statutory fees against the contingency fee); Tex. Prof’l Ethics Comm., Op. 485 (1994) (permitting a contingent fee in action to collect past-due child support, so long as the lawyer discloses all fee options to the client).